B1 (Official Form 1)(4/10)

| United States Bankruptcy Court<br>Northern District of Illinois | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Clare Oaks** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**01-0729134** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**801 W Bartlett Rd**<br>**Bartlett, IL**<br>ZIP Code **60103** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Cook** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

### Type of Debtor
(Form of Organization)
(Check one box)

- [ ] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities,
  check this box and state type of entity below )

### Nature of Business
(Check one box)

- [x] Health Care Business
- [ ] Single Asset Real Estate as defined
  in 11 U.S.C. § 101 (51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [ ] Other

### Tax-Exempt Entity
(Check box, if applicable)

- [x] Debtor is a tax-exempt organization
  under Title 26 of the United States
  Code (the Internal Revenue Code).

### Chapter of Bankruptcy Code Under Which
the Petition is Filed (Check one box)

- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition
  of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition
  of a Foreign Nonmain Proceeding

### Nature of Debts
(Check one box)

- [ ] Debts are primarily consumer debts,
  defined in 11 U S C § 101(8) as
  "incurred by an individual primarily for
  a personal, family, or household purpose "
- [x] Debts are primarily
  business debts

### Filing Fee (Check one box)

- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (applicable to individuals only) Must
  attach signed application for the court's consideration certifying that the
  debtor is unable to pay fee except in installments Rule 1006(b) See Official
  Form 3A
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only) Must
  attach signed application for the court's consideration See Official Form 3B

### Chapter 11 Debtors

Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U S C § 101(51D)
- [x] Debtor is not a small business debtor as defined in 11 U S C § 101(51D)

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates)
  are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*

Check all applicable boxes:
- [ ] A plan is being filed with this petition
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors,
  in accordance with 11 U S C § 1126(b)

### Statistical/Administrative Information

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid,
  there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] |

Estimated Liabilities

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] |

B1 (Official Form 1)(4/10)                                                                                                          Page 2

| Voluntary Petition<br><br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Clare Oaks** |
|---|---|

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location<br>Where Filed:  **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts )<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X _____<br>   Signature of Attorney for Debtor(s)      (Date) |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

  ☐ Yes, and Exhibit C is attached and made a part of this petition.

  ■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

  ☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

  ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

  ■    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

  ☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

  ☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

  ☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

      _____
      (Name of landlord that obtained judgment)

      _____
      (Address of landlord)

  ☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

  ☐    Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

  ☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(4/10)                                                                                      Page 3

## Voluntary Petition

*(This page must be completed and filed in every case)*

| | Name of Debtor(s): |
| --- | --- |
| | **Clare Oaks** |

### Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
| --- | --- |

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box )

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

**Signature of Attorney***

X **/s/ George R. Mesires**
Signature of Attorney for Debtor(s)

**George R. Mesires 6276952**
Printed Name of Attorney for Debtor(s)

**Ungaretti & Harris LLP**
Firm Name

**70 W. Madison Street**
**Suite 3500**
**Chicago, IL 60602**

Address

**Email: grmesires@uhlaw.com**
**312-977-4400  Fax: 312-977-4405**
Telephone Number

**December 5, 2011**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrtpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Michael D. Hovde, Jr.**
Signature of Authorized Individual

**Michael D. Hovde, Jr.**
Printed Name of Authorized Individual

**President**
Title of Authorized Individual

**December 5, 2011**
Date

**CERTIFICATE OF SECRETARY**
**OF**
**CLARE OAKS**

The undersigned hereby certifies that he is the duly appointed, qualified and acting Secretary of CLARE OAKS, an Illinois not-for-profit corporation (the "Corporation"), and that as such officer he is familiar with the Corporation's properties, affairs and records.  The undersigned hereby further certifies as follows:

1.      Attached hereto as *Exhibit A* is a true, correct and complete copy of certain resolutions presented to the Board of Directors of the Corporation (the "Board") at a special meeting thereof duly called, convened and held on November 13, 2011 (the "Special Board Meeting"), at which meeting a quorum was present and voted throughout; said resolutions were duly adopted at the Special Board Meeting by the favorable vote of all the members of the Board present; said resolutions do not, and did not, in any manner contravene the Articles of Incorporation or Bylaws of the Corporation as such Articles of Incorporation or Bylaws exist now and as they existed as of the date of the adoption of said resolutions; and said resolutions have not been rescinded or modified in any manner and are on the date hereof still in full force and effect.

2.      Attached hereto as *Exhibit B* is a true, correct and complete copy of certain resolutions presented to the Board at a continuation of the Special Board Meeting on November 17, 2001; said resolutions were duly adopted at the Special Board Meeting by the favorable vote of all the members of the Board present; said resolutions do not, and did not, in any manner contravene the Articles of Incorporation or Bylaws of the Corporation as such Articles of Incorporation or Bylaws exist now and as they existed as of the date of the adoption of said resolutions; and said resolutions have not been rescinded or modified in any manner and are on the date hereof still in full force and effect.

3.      Attached hereto as *Exhibit C* is a true, correct and complete copy of certain resolutions presented to the Board at a continuation of the Special Board Meeting on December 4, 2001; said resolutions were duly adopted at the Special Board Meeting by the favorable vote of all the members of the Board present; said resolutions do not, and did not, in any manner contravene the Articles of Incorporation or Bylaws of the Corporation as such Articles of Incorporation or Bylaws exist now and as they existed as of the date of the adoption of said resolutions; and said resolutions have not been rescinded or modified in any manner and are on the date hereof still in full force and effect.

IN WITNESS WHEREOF, this certificate is executed and delivered this 5th day of December, 2011.

CLARE OAKS

By:_____
                        Secretary

2074088.1

*EXHIBIT A TO CERTIFICATE OF SECRETARY*

## RESOLUTIONS OF
## THE BOARD OF DIRECTORS OF
## CLARE OAKS

### ADOPTED AT A SPECIAL MEETING HELD ON NOVEMBER 13, 2011

RESOLVED by the Board of Directors (the "Board") of CLARE OAKS, an Illinois not-for-profit corporation (the "Corporation"), as follows:

WHEREAS, a special committee (the "Ad Hoc Finance Committee") was previously established and directed by the Board to (a) review the Corporation's financial condition and liquidity position and the current and projected business operations of the Corporation's continuing care retirement community known as Clare Oaks (the "Community") with CRSA/LCS Management, L.L.C., the manager of the Community (the "Manager"), and the Corporation's auditor, legal counsel and other advisors; and (b) oversee and participate, as deemed desirable or necessary, in communications and negotiations by the Corporation, its counsel and advisors with the members of the Central Board of the Sisters of St. Joseph of the Third Order of St. Francis, as the members of the Corporation; the trustee for the Corporation's secured indebtedness and for certain related series of tax-exempt bonds (collectively, the "Trustee"); certain beneficial owners of related fixed-rate bonds (the "Restricted Bondholders"); and the provider of letters of credit supporting related variable-rate bonds (the "Bank"), and their respective counsel and advisors, regarding the Corporation's financial condition and results of operation; short-term and long-term options available to provide additional liquidity to the Corporation; and a consensual restructuring of the Corporation's indebtedness based on the projected stabilized operations of the Community;

WHEREAS, the Ad Hoc Finance Committee has advised the Board that the Corporation, the Trustee, the Restricted Bondholders and the Bank have been unable to reach agreement on the terms of either a consensual restructuring of the Corporation's indebtedness and the related tax-exempt bonds (collectively, the "Secured Indebtedness") or a forbearance agreement with respect to the exercise of remedies or other rights by the Trustee or the Bank;

WHEREAS, the Board has reviewed materials provided by the Manager and analysis presented by advisors of the Corporation regarding the capital structure, financial condition, liquidity position, business projections and short-term and long-term prospects of the Corporation; the restructuring of the Secured Indebtedness; and affiliation, sale or other strategic alternatives available to the Corporation, and the impact of the foregoing on the Corporation and the operations of the Community;

WHEREAS, the Board has determined that it is in the best interests of the Corporation, the residents of the Community, the Corporation's employees and creditors and other interested parties that the authorized representatives of the Corporation hereinafter designated by the Board be granted authority to file a petition on behalf of the Corporation seeking voluntary relief under the provisions of Chapter 11 of Title 11 of the United States Code ("Chapter 11") in the United States Bankruptcy Court for the Northern District of Illinois Eastern Division (the "Bankruptcy

Court") or such other jurisdiction as advisors to the Corporation may recommend (such petition for relief and all subsequent filings, the "Chapter 11 Case"); and

WHEREAS, the Board has reviewed, considered and received the recommendations of professionals and advisors to the Corporation as to the prospects and options for successfully restructuring its obligations through the Chapter 11 Case;

NOW, THEREFORE, BE IT AND IT IS HEREBY RESOLVED BY THE BOARD OF DIRECTORS OF CLARE OAKS THAT:

1.      In the judgment of the Board, it is in the best interests of the Corporation, the residents of the Community, the Corporation's employees and creditors and other interested parties that a petition be filed by the Corporation in the Bankruptcy Court seeking relief under the provisions of Chapter 11, in which the Corporation will seek the authority to operate the Community as a debtor-in-possession, and the filing of such petition is authorized hereby.

2.      Michael D. Hovde, Jr., Dan Walsh and Paul Clemens, the President, Vice President and the Treasurer of the Corporation, respectively, be and hereby are each appointed as an authorized signatory (each, an "Authorized Signatory" and collectively, the "Authorized Signatories") in connection with the Chapter 11 Case.

3.      The Authorized Signatories, together with any other person or persons hereafter designated by the Board or any Authorized Signatory (each, an "Authorized Representative" and collectively, the "Authorized Representatives"), be and hereby are, individually with full authority to act without the others, authorized, directed and empowered, on behalf of and in the name of the Corporation, to execute and verify a petition for relief under Chapter 11 and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Representative executing said petition on behalf of the Corporation shall determine.

4.      Subject to the limitations set forth in paragraph 5 hereof, the Authorized Representatives be and hereby are, individually with full authority to act without the others, authorized, directed and empowered, on behalf of and in the name of the Corporation, to execute and/or file or cause to be executed and/or filed (or to direct others to do so on their behalf as provided herein) all necessary documents, including, but not limited to, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and to take any and all other related actions, that they or any of them, after consultation with another Authorized Representative, deem reasonably necessary, appropriate or advisable in connection with the Chapter 11 Case, including without limitation any determination regarding the acceptance of entrance fees from new residents or the establishment of any escrow, trust or similar arrangement to hold such entrance fees.

5.      The Authorized Representatives be and hereby are, individually with full authority to act without the others, authorized, directed and empowered, on behalf of and in the name of the Corporation, to take any and all actions deemed by any such Authorized Representative necessary, appropriate or advisable in connection with (a) obtaining authorization for the use of cash collateral by the Corporation and/or obtaining a commitment for and

negotiating the terms and conditions of debtor-in-possession financing for the Corporation in a maximum aggregate principal amount of up to $4 million to provide funds for payment of operating the Community, including without limitation repayment of resident entrance fee refunds, and costs and expenses related to the Chapter 11 Case, and (b) negotiating the terms and conditions of any refinancing or restructuring of the Secured Indebtedness and other obligations of the Corporation and/or obtaining proposals for and negotiating the terms and conditions of an affiliation or other strategic transaction with the Corporation and/or the sale of certain or substantially all of the assets of the Corporation and/or preparing and entering into a plan of reorganization; provided, however, any debtor-in-possession financing, restructuring, affiliation, sale of assets or other similar transaction shall be subject to (i) the approval of the Board and, (ii) as determined to be necessary under the Articles of Incorporation or Bylaws of the Corporation, the approval of the members of the Corporation.

6.     Subject to the limitations set forth in paragraph 5 hereof, the Authorized Representatives be, and hereby are, individually with full authority to act without the others, authorized, directed and empowered, in the name and on behalf of the Corporation, to negotiate, execute, deliver, and perform, as debtor and debtor-in-possession, any documents, agreements, guaranties, instruments, financing statements, undertakings and certificates necessary or appropriate to facilitate the actions and transactions contemplated by these resolutions, including, but not limited to, any asset purchase agreement, credit agreement, pledge agreement, security agreement, letter of credit application, mortgage promissory note or other instrument, and any modifications or supplements thereto, containing such provisions, terms, conditions, representations, warranties and covenants, as may be deemed necessary or appropriate, all such documents, agreements or instruments to be in the respective forms approved by the Authorized Representative executing the same, the execution and delivery thereof to be conclusive evidence of such approval and the Board's approval thereof.

7.     The retention by the Corporation of the following professionals and consultants are hereby ratified, confirmed and approved by the Board in connection with the Chapter 11 Case:

(a)     the law firm of Ungaretti & Harris LLP ("Ungaretti & Harris") under an advance payment retainer as attorneys for the Corporation;

(b)     the firm of North Shores Consulting ("North Shores") as operations consultant to the Corporation and any related matters in connection therewith on such terms as any Authorized Signatory shall approve;

(c)     the firm of Continuum Development Services ("CDS") as financial advisor to the Corporation and any related matters in connection therewith on such terms as any Authorized Signatory shall approve;

(d)     the firm of Alvarez & Marsal Healthcare Industry Group, LLC ("A&M") as advisor to the Corporation in connection with the Chapter 11 Case and any related matters in connection therewith on such terms as any Authorized Signatory shall approve; and

(e)    the firm of Sheila King Marketing + Public Relations ("SKPR") as communications advisor to the Corporation in connection with the Chapter 11 Case and any other related matters in connection therewith on such terms as any Authorized Representative shall approve.

8.    The Authorized Representatives be, and hereby are, individually with full authority to act without the others, authorized and directed to employ such other individuals or firms as professionals or consultants (any such further individuals or firms, together with Ungaretti & Harris, North Shores, CDS, A&M and SKPR, the "Professionals") to the Corporation as are deemed necessary or desirable to represent or assist the Corporation in carrying out their duties under Chapter 11, and in connection therewith, the Authorized Representatives are hereby authorized and directed to execute appropriate retention agreements, to pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate applicable for authority to retain the services of such Professionals.

9.    Any person dealing with any Authorized Representative in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Representative and by his or her execution of any instrument, certificate, notice or document, the same shall be a valid and binding obligation of the Corporation, where and as applicable, enforceable in accordance with its terms.

10.    The Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized and directed, for and on behalf of the Corporation, to pay all necessary and reasonable fees and expenses incurred in connection with the actions authorized by these resolutions.

11.    In addition to the specific authorizations heretofore conferred upon the Authorized Representatives, the Authorized Representatives be, and hereby are, individually with full authority to act without the others, authorized, directed and empowered to take or cause to be taken all such further actions, to execute and deliver or cause to be executed and delivered all such further agreements, instruments, documents, undertakings and certificates in the name and on behalf of the Companies and to incur all such fees and expenses as in their judgment shall be deemed necessary, appropriate or advisable in order to carry out fully the intent and purposes of these resolutions.

12.    All acts lawfully done or actions lawfully taken by any Authorized Representative to seek relief on behalf of the Corporation under Chapter 11, or in connection with the Chapter 11 Case, or any matter related thereto or otherwise contemplated by these resolutions be, and they hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Corporation.

13.    All previous resolutions of the Board or of any committee of this Board which are inconsistent with these resolutions be, and the same hereby are, repealed, revoked and rescinded to the extent of such inconsistency.

# RESOLUTIONS OF THE
## THE BOARD OF DIRECTORS OF
## CLARE OAKS

### ADOPTED ON NOVEMBER 17, 2011
### AT CONTINUATION OF SPECIAL MEETING HELD ON NOVEMBER 13, 2011

RESOLVED by the Board of Directors (the "Board") of CLARE OAKS, an Illinois not-for-profit corporation (the "Corporation"), as follows:

WHEREAS, at a special meeting of the Board held on November 13, 2011, the Board adopted certain resolutions, a copy of which is attached as Exhibit A hereto (the "Prior Resolutions"), which granted authority to certain authorized representatives of the Corporation to file a petition on behalf of the Corporation seeking voluntary relief under the provisions of Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court (a "Chapter 11 Case") in the event the Corporation was unable to enter into a short-term standstill agreement with the trustee for the Corporation's secured indebtedness and for certain related series of tax-exempt bonds (collectively, the "Trustee") and the provider of letters of credit supporting the related variable-rate bonds (the "Bank");

WHEREAS, the Corporation has entered into a letter agreement dated November 14, 2011 (the "Letter Agreement"), with the Trustee and the Bank providing for a short-term standstill agreement with the Trustee and the Bank and during the term of which Letter Agreement the Corporation, the Trustee, certain fixed-rate bondholders and the Bank will attempt to reach resolution on an acceptable longer-term standstill agreement as outlined in the term sheet attached to the Letter Agreement;

WHEREAS, among the terms and conditions included the term sheet attached to the Letter Agreement are the requirements that the Corporation agree to the appointment of a chief restructuring officer mutually agreeable to the Corporation, the Trustee and the Bank and to retain B.C. Ziegler & Company ("Ziegler") or other investment banker mutually agreeable to the Corporation, the Trustee and the Bank to pursue an affiliation, merger, sale or other strategic transaction relating to the Corporation;

WHEREAS, the Corporation desires to retain: (i) Paul Rundell of Alvarez & Marsal Healthcare Industry Group, LLC ("A&M"), as chief restructuring officer of the Corporation, and (ii) Ziegler to provide services related to an affiliation, merger, sale or other strategic transaction relating to the Corporation; and

WHEREAS, advisors to the Corporation have recommended that the Prior Resolutions be modified as hereinafter provided in the event the Corporation, the Trustee and the Bank are unable to reach agreement on a longer-term standstill agreement and it becomes necessary for the Corporation to restructure its obligations through a Chapter 11 Case;

NOW, THEREFORE, BE IT AND IT IS HEREBY RESOLVED BY THE BOARD OF DIRECTORS OF CLARE OAKS THAT:

1.      The retention of Paul Rundell of A&M, as chief restructuring officer of the Corporation, and Ziegler to provide services related to an affiliation, merger, sale or other strategic transaction relating to the Corporation is hereby approved, and Michael D. Hovde, Jr., and Dan Walsh the President and Vice President of the Corporation, respectively, be and hereby are, individually with full authority to act without the other, authorized, directed and empowered, on behalf of and in the name of the Corporation, to execute and deliver engagement letters with A&M and Ziegler in such forms as the officer of the Corporation executing such engagement letters on behalf of the Corporation shall determine.

2.      Paragraph 5 of the Prior Resolutions is hereby modified to provide that the Authorized Representatives (as defined in the Prior Resolutions) be and hereby are, individually with full authority to act without the others, authorized, directed and empowered, on behalf of and in the name of the Corporation, to take any and all actions deemed by any such Authorized Representative necessary, appropriate or advisable in connection with obtaining authorization for the use of cash collateral by the Corporation and/or obtaining a commitment for and negotiating the terms and conditions of debtor-in-possession financing for the Corporation in a maximum aggregate principal amount of up to $5 million to provide funds for payment of operating the Community, including without limitation repayment of resident entrance fee refunds, and costs and expenses related to the Chapter 11 Case.

3.      Except as modified by these resolutions, the Prior Resolutions be, and the same hereby are, ratified, confirmed and approved; and all other previous resolutions of the Board or of any committee of this Board which are inconsistent with these resolutions be, and the same hereby are, repealed, revoked and rescinded to the extent of such inconsistency.

**EXHIBIT A**

**RESOLUTIONS OF
THE BOARD OF DIRECTORS OF
CLARE OAKS**

**ADOPTED AT A SPECIAL MEETING HELD ON NOVEMBER 13, 2011**

RESOLVED by the Board of Directors (the "Board") of CLARE OAKS, an Illinois not-for-profit corporation (the "Corporation"), as follows:

WHEREAS, a special committee (the "Ad Hoc Finance Committee") was previously established and directed by the Board to (a) review the Corporation's financial condition and liquidity position and the current and projected business operations of the Corporation's continuing care retirement community known as Clare Oaks (the "Community") with CRSA/LCS Management, L.L.C., the manager of the Community (the "Manager"), and the Corporation's auditor, legal counsel and other advisors; and (b) oversee and participate, as deemed desirable or necessary, in communications and negotiations by the Corporation, its counsel and advisors with the members of the Central Board of the Sisters of St. Joseph of the Third Order of St. Francis, as the members of the Corporation; the trustee for the Corporation's secured indebtedness and for certain related series of tax-exempt bonds (collectively, the "Trustee"); certain beneficial owners of related fixed-rate bonds (the "Restricted Bondholders"); and the provider of letters of credit supporting related variable-rate bonds (the "Bank"), and their respective counsel and advisors, regarding the Corporation's financial condition and results of operation; short-term and long-term options available to provide additional liquidity to the Corporation; and a consensual restructuring of the Corporation's indebtedness based on the projected stabilized operations of the Community;

WHEREAS, the Ad Hoc Finance Committee has advised the Board that the Corporation, the Trustee, the Restricted Bondholders and the Bank have been unable to reach agreement on the terms of either a consensual restructuring of the Corporation's indebtedness and the related tax-exempt bonds (collectively, the "Secured Indebtedness") or a forbearance agreement with respect to the exercise of remedies or other rights by the Trustee or the Bank;

WHEREAS, the Board has reviewed materials provided by the Manager and analysis presented by advisors of the Corporation regarding the capital structure, financial condition, liquidity position, business projections and short-term and long-term prospects of the Corporation; the restructuring of the Secured Indebtedness; and affiliation, sale or other strategic alternatives available to the Corporation, and the impact of the foregoing on the Corporation and the operations of the Community;

WHEREAS, the Board has determined that it is in the best interests of the Corporation, the residents of the Community, the Corporation's employees and creditors and other interested parties that the authorized representatives of the Corporation hereinafter designated by the Board be granted authority to file a petition on behalf of the Corporation seeking voluntary relief under

the provisions of Chapter 11 of Title 11 of the United States Code ("Chapter 11") in the United States Bankruptcy Court for the Northern District of Illinois Eastern Division (the "Bankruptcy Court") or such other jurisdiction as advisors to the Corporation may recommend (such petition for relief and all subsequent filings, the "Chapter 11 Case"); and

WHEREAS, the Board has reviewed, considered and received the recommendations of professionals and advisors to the Corporation as to the prospects and options for successfully restructuring its obligations through the Chapter 11 Case;

NOW, THEREFORE, BE IT AND IT IS HEREBY RESOLVED BY THE BOARD OF DIRECTORS OF CLARE OAKS THAT:

1.     In the judgment of the Board, it is in the best interests of the Corporation, the residents of the Community, the Corporation's employees and creditors and other interested parties that a petition be filed by the Corporation in the Bankruptcy Court seeking relief under the provisions of Chapter 11, in which the Corporation will seek the authority to operate the Community as a debtor-in-possession, and the filing of such petition is authorized hereby.

2.     Michael D. Hovde, Jr., Dan Walsh and Paul Clemens, the President, Vice President and the Treasurer of the Corporation, respectively, be and hereby are each appointed as an authorized signatory (each, an "Authorized Signatory" and collectively, the "Authorized Signatories") in connection with the Chapter 11 Case.

3.     The Authorized Signatories, together with any other person or persons hereafter designated by the Board or any Authorized Signatory (each, an "Authorized Representative" and collectively, the "Authorized Representatives"), be and hereby are, individually with full authority to act without the others, authorized, directed and empowered, on behalf of and in the name of the Corporation, to execute and verify a petition for relief under Chapter 11 and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Representative executing said petition on behalf of the Corporation shall determine.

4.     Subject to the limitations set forth in paragraph 5 hereof, the Authorized Representatives be and hereby are, individually with full authority to act without the others, authorized, directed and empowered, on behalf of and in the name of the Corporation, to execute and/or file or cause to be executed and/or filed (or to direct others to do so on their behalf as provided herein) all necessary documents, including, but not limited to, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and to take any and all other related actions, that they or any of them, after consultation with another Authorized Representative, deem reasonably necessary, appropriate or advisable in connection with the Chapter 11 Case, including without limitation any determination regarding the acceptance of entrance fees from new residents or the establishment of any escrow, trust or similar arrangement to hold such entrance fees.

5.     The Authorized Representatives be and hereby are, individually with full authority to act without the others, authorized, directed and empowered, on behalf of and in the name of the Corporation, to take any and all actions deemed by any such Authorized

Representative necessary, appropriate or advisable in connection with (a) obtaining authorization for the use of cash collateral by the Corporation and/or obtaining a commitment for and negotiating the terms and conditions of debtor-in-possession financing for the Corporation in a maximum aggregate principal amount of up to $4 million to provide funds for payment of operating the Community, including without limitation repayment of resident entrance fee refunds, and costs and expenses related to the Chapter 11 Case, and (b) negotiating the terms and conditions of any refinancing or restructuring of the Secured Indebtedness and other obligations of the Corporation and/or obtaining proposals for and negotiating the terms and conditions of an affiliation or other strategic transaction with the Corporation and/or the sale of certain or substantially all of the assets of the Corporation and/or preparing and entering into a plan of reorganization; provided, however, any debtor-in-possession financing, restructuring, affiliation, sale of assets or other similar transaction shall be subject to (i) the approval of the Board and, (ii) as determined to be necessary under the Articles of Incorporation or Bylaws of the Corporation, the approval of the members of the Corporation.

6.      Subject to the limitations set forth in paragraph 5 hereof, the Authorized Representatives be, and hereby are, individually with full authority to act without the others, authorized, directed and empowered, in the name and on behalf of the Corporation, to negotiate, execute, deliver, and perform, as debtor and debtor-in-possession, any documents, agreements, guaranties, instruments, financing statements, undertakings and certificates necessary or appropriate to facilitate the actions and transactions contemplated by these resolutions, including, but not limited to, any asset purchase agreement, credit agreement, pledge agreement, security agreement, letter of credit application, mortgage promissory note or other instrument, and any modifications or supplements thereto, containing such provisions, terms, conditions, representations, warranties and covenants, as may be deemed necessary or appropriate, all such documents, agreements or instruments to be in the respective forms approved by the Authorized Representative executing the same, the execution and delivery thereof to be conclusive evidence of such approval and the Board's approval thereof.

7.      The retention by the Corporation of the following professionals and consultants are hereby ratified, confirmed and approved by the Board in connection with the Chapter 11 Case:

(a)      the law firm of Ungaretti & Harris LLP ("Ungaretti & Harris") under an advance payment retainer as attorneys for the Corporation;

(b)      the firm of North Shores Consulting ("North Shores") as operations consultant to the Corporation and any related matters in connection therewith on such terms as any Authorized Signatory shall approve;

(c)      the firm of Continuum Development Services ("CDS") as financial advisor to the Corporation and any related matters in connection therewith on such terms as any Authorized Signatory shall approve;

(d)      the firm of Alvarez & Marsal Healthcare Industry Group, LLC ("A&M") as advisor to the Corporation in connection with the Chapter 11 Case and any related

matters in connection therewith on such terms as any Authorized Signatory shall approve; and

(e)    the firm of Sheila King Marketing + Public Relations ("SKPR") as communications advisor to the Corporation in connection with the Chapter 11 Case and any other related matters in connection therewith on such terms as any Authorized Representative shall approve.

8.    The Authorized Representatives be, and hereby are, individually with full authority to act without the others, authorized and directed to employ such other individuals or firms as professionals or consultants (any such further individuals or firms, together with Ungaretti & Harris, North Shores, CDS, A&M and SKPR, the "Professionals") to the Corporation as are deemed necessary or desirable to represent or assist the Corporation in carrying out their duties under Chapter 11, and in connection therewith, the Authorized Representatives are hereby authorized and directed to execute appropriate retention agreements, to pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate applicable for authority to retain the services of such Professionals.

9.    Any person dealing with any Authorized Representative in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Representative and by his or her execution of any instrument, certificate, notice or document, the same shall be a valid and binding obligation of the Corporation, where and as applicable, enforceable in accordance with its terms.

10.    The Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized and directed, for and on behalf of the Corporation, to pay all necessary and reasonable fees and expenses incurred in connection with the actions authorized by these resolutions.

11.    In addition to the specific authorizations heretofore conferred upon the Authorized Representatives, the Authorized Representatives be, and hereby are, individually with full authority to act without the others, authorized, directed and empowered to take or cause to be taken all such further actions, to execute and deliver or cause to be executed and delivered all such further agreements, instruments, documents, undertakings and certificates in the name and on behalf of the Companies and to incur all such fees and expenses as in their judgment shall be deemed necessary, appropriate or advisable in order to carry out fully the intent and purposes of these resolutions.

12.    All acts lawfully done or actions lawfully taken by any Authorized Representative to seek relief on behalf of the Corporation under Chapter 11, or in connection with the Chapter 11 Case, or any matter related thereto or otherwise contemplated by these resolutions be, and they hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Corporation.

13.    All previous resolutions of the Board or of any committee of this Board which are inconsistent with these resolutions be, and the same hereby are, repealed, revoked and rescinded to the extent of such inconsistency.

*EXHIBIT C TO CERTIFICATE OF SECRETARY*

## RESOLUTIONS OF THE
## THE BOARD OF DIRECTORS OF
## CLARE OAKS

### ADOPTED ON DECEMBER 4, 2011,
### AT CONTINUATION OF SPECIAL MEETING HELD ON
### NOVEMBER 13, 2011, AND CONTINUED ON NOVEMBER 17, 2011

RESOLVED by the Board of Directors (the "Board") of CLARE OAKS, an Illinois not-for-profit corporation (the "Corporation"), as follows:

WHEREAS, at a special meeting of the Board held on November 13, 2011, the Board adopted certain resolutions, as modified by resolutions of the Board adopted on November 17, 2011, copies of which are attached as *Exhibits A* and *B* hereto (collectively and as modified, the "Prior Resolutions"), which granted authority to certain authorized representatives of the Corporation to file a petition on behalf of the Corporation seeking voluntary relief under the provisions of Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court (a "Chapter 11 Case") in the event the Corporation was unable to enter into a short-term standstill agreement with the trustee for the Corporation's secured indebtedness and for certain related series of tax-exempt bonds (collectively, the "Trustee") and the provider of letters of credit supporting the related variable-rate bonds (the "Bank");

WHEREAS, the Corporation entered into a letter agreement dated November 14, 2011 (the "Letter Agreement"), with the Trustee and the Bank providing for a short-term standstill agreement with the Trustee and the Bank and during the term of which Letter Agreement the Corporation, the Trustee, certain fixed-rate bondholders and the Bank attempted to reach resolution on an acceptable longer-term standstill agreement as outlined in the term sheet attached to the Letter Agreement;

WHEREAS, the term of the short-term standstill agreement under the Letter Agreement expired on December 2, 2011, without the Corporation, the Trustee and the Bank reaching agreement on a longer-term standstill agreement acceptable to all parties and the Bank was unwilling to enter into an amendment to the Letter Agreement providing for one-week extension of the term of the short-term standstill agreement; and

WHEREAS, the Board has determined that it has become necessary to restructure its obligations through a Chapter 11 Case and advisors to the Corporation have recommended that the Prior Resolutions be modified as hereinafter provided;

NOW, THEREFORE, BE IT AND IT IS HEREBY RESOLVED BY THE BOARD OF DIRECTORS OF CLARE OAKS THAT:

1.       Paragraph 5 of the Prior Resolutions adopted on November 13, 2011, is hereby modified to provide that the Authorized Representatives (as defined in the Prior Resolutions) be and hereby are, individually with full authority to act without the others, authorized, directed and empowered, on behalf of and in the name of the Corporation, to take any and all actions deemed

2073763.1

by any such Authorized Representative necessary, appropriate or advisable in connection with obtaining authorization for the use of cash collateral by the Corporation and/or obtaining a commitment for and negotiating the terms and conditions of debtor-in-possession financing for the Corporation in a maximum aggregate principal amount of up to $6 million to provide funds for payment of operating the Community (as defined in the Prior Resolutions), including without limitation repayment of resident entrance fee refunds, and costs and expenses related to the Chapter 11 Case.

    2.    Except as modified by these resolutions, the Prior Resolutions be, and the same hereby are, ratified, confirmed and approved; and all other previous resolutions of the Board or of any committee of this Board which are inconsistent with these resolutions be, and the same hereby are, repealed, revoked and rescinded to the extent of such inconsistency.

2073763.1

2

**EXHIBIT A**

**RESOLUTIONS OF
THE BOARD OF DIRECTORS OF
CLARE OAKS**

**ADOPTED AT A SPECIAL MEETING HELD ON NOVEMBER 13, 2011**

RESOLVED by the Board of Directors (the "Board") of CLARE OAKS, an Illinois not-for-profit corporation (the "Corporation"), as follows:

WHEREAS, a special committee (the "Ad Hoc Finance Committee") was previously established and directed by the Board to (a) review the Corporation's financial condition and liquidity position and the current and projected business operations of the Corporation's continuing care retirement community known as Clare Oaks (the "Community") with CRSA/LCS Management, L.L.C., the manager of the Community (the "Manager"), and the Corporation's auditor, legal counsel and other advisors; and (b) oversee and participate, as deemed desirable or necessary, in communications and negotiations by the Corporation, its counsel and advisors with the members of the Central Board of the Sisters of St. Joseph of the Third Order of St. Francis, as the members of the Corporation; the trustee for the Corporation's secured indebtedness and for certain related series of tax-exempt bonds (collectively, the "Trustee"); certain beneficial owners of related fixed-rate bonds (the "Restricted Bondholders"); and the provider of letters of credit supporting related variable-rate bonds (the "Bank"), and their respective counsel and advisors, regarding the Corporation's financial condition and results of operation; short-term and long-term options available to provide additional liquidity to the Corporation; and a consensual restructuring of the Corporation's indebtedness based on the projected stabilized operations of the Community;

WHEREAS, the Ad Hoc Finance Committee has advised the Board that the Corporation, the Trustee, the Restricted Bondholders and the Bank have been unable to reach agreement on the terms of either a consensual restructuring of the Corporation's indebtedness and the related tax-exempt bonds (collectively, the "Secured Indebtedness") or a forbearance agreement with respect to the exercise of remedies or other rights by the Trustee or the Bank;

WHEREAS, the Board has reviewed materials provided by the Manager and analysis presented by advisors of the Corporation regarding the capital structure, financial condition, liquidity position, business projections and short-term and long-term prospects of the Corporation; the restructuring of the Secured Indebtedness; and affiliation, sale or other strategic alternatives available to the Corporation, and the impact of the foregoing on the Corporation and the operations of the Community;

WHEREAS, the Board has determined that it is in the best interests of the Corporation, the residents of the Community, the Corporation's employees and creditors and other interested parties that the authorized representatives of the Corporation hereinafter designated by the Board be granted authority to file a petition on behalf of the Corporation seeking voluntary relief under the provisions of Chapter 11 of Title 11 of the United States Code ("Chapter 11") in the United

States Bankruptcy Court for the Northern District of Illinois Eastern Division (the "Bankruptcy Court") or such other jurisdiction as advisors to the Corporation may recommend (such petition for relief and all subsequent filings, the "Chapter 11 Case"); and

WHEREAS, the Board has reviewed, considered and received the recommendations of professionals and advisors to the Corporation as to the prospects and options for successfully restructuring its obligations through the Chapter 11 Case;

NOW, THEREFORE, BE IT AND IT IS HEREBY RESOLVED BY THE BOARD OF DIRECTORS OF CLARE OAKS THAT:

1.     In the judgment of the Board, it is in the best interests of the Corporation, the residents of the Community, the Corporation's employees and creditors and other interested parties that a petition be filed by the Corporation in the Bankruptcy Court seeking relief under the provisions of Chapter 11, in which the Corporation will seek the authority to operate the Community as a debtor-in-possession, and the filing of such petition is authorized hereby.

2.     Michael D. Hovde, Jr., Dan Walsh and Paul Clemens, the President, Vice President and the Treasurer of the Corporation, respectively, be and hereby are each appointed as an authorized signatory (each, an "Authorized Signatory" and collectively, the "Authorized Signatories") in connection with the Chapter 11 Case.

3.     The Authorized Signatories, together with any other person or persons hereafter designated by the Board or any Authorized Signatory (each, an "Authorized Representative" and collectively, the "Authorized Representatives"), be and hereby are, individually with full authority to act without the others, authorized, directed and empowered, on behalf of and in the name of the Corporation, to execute and verify a petition for relief under Chapter 11 and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Representative executing said petition on behalf of the Corporation shall determine.

4.     Subject to the limitations set forth in paragraph 5 hereof, the Authorized Representatives be and hereby are, individually with full authority to act without the others, authorized, directed and empowered, on behalf of and in the name of the Corporation, to execute and/or file or cause to be executed and/or filed (or to direct others to do so on their behalf as provided herein) all necessary documents, including, but not limited to, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and to take any and all other related actions, that they or any of them, after consultation with another Authorized Representative, deem reasonably necessary, appropriate or advisable in connection with the Chapter 11 Case, including without limitation any determination regarding the acceptance of entrance fees from new residents or the establishment of any escrow, trust or similar arrangement to hold such entrance fees.

5.     The Authorized Representatives be and hereby are, individually with full authority to act without the others, authorized, directed and empowered, on behalf of and in the name of the Corporation, to take any and all actions deemed by any such Authorized Representative necessary, appropriate or advisable in connection with (a) obtaining authorization

A-2

for the use of cash collateral by the Corporation and/or obtaining a commitment for and negotiating the terms and conditions of debtor-in-possession financing for the Corporation in a maximum aggregate principal amount of up to $4 million to provide funds for payment of operating the Community, including without limitation repayment of resident entrance fee refunds, and costs and expenses related to the Chapter 11 Case, and (b) negotiating the terms and conditions of any refinancing or restructuring of the Secured Indebtedness and other obligations of the Corporation and/or obtaining proposals for and negotiating the terms and conditions of an affiliation or other strategic transaction with the Corporation and/or the sale of certain or substantially all of the assets of the Corporation and/or preparing and entering into a plan of reorganization; provided, however, any debtor-in-possession financing, restructuring, affiliation, sale of assets or other similar transaction shall be subject to (i) the approval of the Board and, (ii) as determined to be necessary under the Articles of Incorporation or Bylaws of the Corporation, the approval of the members of the Corporation.

6.     Subject to the limitations set forth in paragraph 5 hereof, the Authorized Representatives be, and hereby are, individually with full authority to act without the others, authorized, directed and empowered, in the name and on behalf of the Corporation, to negotiate, execute, deliver, and perform, as debtor and debtor-in-possession, any documents, agreements, guaranties, instruments, financing statements, undertakings and certificates necessary or appropriate to facilitate the actions and transactions contemplated by these resolutions, including, but not limited to, any asset purchase agreement, credit agreement, pledge agreement, security agreement, letter of credit application, mortgage promissory note or other instrument, and any modifications or supplements thereto, containing such provisions, terms, conditions, representations, warranties and covenants, as may be deemed necessary or appropriate, all such documents, agreements or instruments to be in the respective forms approved by the Authorized Representative executing the same, the execution and delivery thereof to be conclusive evidence of such approval and the Board's approval thereof.

7.     The retention by the Corporation of the following professionals and consultants are hereby ratified, confirmed and approved by the Board in connection with the Chapter 11 Case:

(a)     the law firm of Ungaretti & Harris LLP ("Ungaretti & Harris") under an advance payment retainer as attorneys for the Corporation;

(b)     the firm of North Shores Consulting ("North Shores") as operations consultant to the Corporation and any related matters in connection therewith on such terms as any Authorized Signatory shall approve;

(c)     the firm of Continuum Development Services ("CDS") as financial advisor to the Corporation and any related matters in connection therewith on such terms as any Authorized Signatory shall approve;

(d)     the firm of Alvarez & Marsal Healthcare Industry Group, LLC ("A&M") as advisor to the Corporation in connection with the Chapter 11 Case and any related

matters in connection therewith on such terms as any Authorized Signatory shall approve; and

(e)    the firm of Sheila King Marketing + Public Relations ("SKPR") as communications advisor to the Corporation in connection with the Chapter 11 Case and any other related matters in connection therewith on such terms as any Authorized Representative shall approve.

8.    The Authorized Representatives be, and hereby are, individually with full authority to act without the others, authorized and directed to employ such other individuals or firms as professionals or consultants (any such further individuals or firms, together with Ungaretti & Harris, North Shores, CDS, A&M and SKPR, the "Professionals") to the Corporation as are deemed necessary or desirable to represent or assist the Corporation in carrying out their duties under Chapter 11, and in connection therewith, the Authorized Representatives are hereby authorized and directed to execute appropriate retention agreements, to pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate applicable for authority to retain the services of such Professionals.

9.    Any person dealing with any Authorized Representative in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Representative and by his or her execution of any instrument, certificate, notice or document, the same shall be a valid and binding obligation of the Corporation, where and as applicable, enforceable in accordance with its terms.

10.    The Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized and directed, for and on behalf of the Corporation, to pay all necessary and reasonable fees and expenses incurred in connection with the actions authorized by these resolutions.

11.    In addition to the specific authorizations heretofore conferred upon the Authorized Representatives, the Authorized Representatives be, and hereby are, individually with full authority to act without the others, authorized, directed and empowered to take or cause to be taken all such further actions, to execute and deliver or cause to be executed and delivered all such further agreements, instruments, documents, undertakings and certificates in the name and on behalf of the Companies and to incur all such fees and expenses as in their judgment shall be deemed necessary, appropriate or advisable in order to carry out fully the intent and purposes of these resolutions.

12.    All acts lawfully done or actions lawfully taken by any Authorized Representative to seek relief on behalf of the Corporation under Chapter 11, or in connection with the Chapter 11 Case, or any matter related thereto or otherwise contemplated by these resolutions be, and they hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Corporation.

13.     All previous resolutions of the Board or of any committee of this Board which are inconsistent with these resolutions be, and the same hereby are, repealed, revoked and rescinded to the extent of such inconsistency.

## EXHIBIT B

### RESOLUTIONS OF THE
### THE BOARD OF DIRECTORS OF
### CLARE OAKS

### ADOPTED ON NOVEMBER 17, 2011
### AT CONTINUATION OF SPECIAL MEETING HELD ON NOVEMBER 13, 2011

RESOLVED by the Board of Directors (the "Board") of CLARE OAKS, an Illinois not-for-profit corporation (the "Corporation"), as follows:

WHEREAS, at a special meeting of the Board held on November 13, 2011, the Board adopted certain resolutions, a copy of which is attached as Exhibit A hereto (the "Prior Resolutions"), which granted authority to certain authorized representatives of the Corporation to file a petition on behalf of the Corporation seeking voluntary relief under the provisions of Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court (a "Chapter 11 Case") in the event the Corporation was unable to enter into a short-term standstill agreement with the trustee for the Corporation's secured indebtedness and for certain related series of tax-exempt bonds (collectively, the "Trustee") and the provider of letters of credit supporting the related variable-rate bonds (the "Bank");

WHEREAS, the Corporation has entered into a letter agreement dated November 14, 2011 (the "Letter Agreement"), with the Trustee and the Bank providing for a short-term standstill agreement with the Trustee and the Bank and during the term of which Letter Agreement the Corporation, the Trustee, certain fixed-rate bondholders and the Bank will attempt to reach resolution on an acceptable longer-term standstill agreement as outlined in the term sheet attached to the Letter Agreement;

WHEREAS, among the terms and conditions included the term sheet attached to the Letter Agreement are the requirements that the Corporation agree to the appointment of a chief restructuring officer mutually agreeable to the Corporation, the Trustee and the Bank and to retain B.C. Ziegler & Company ("Ziegler") or other investment banker mutually agreeable to the Corporation, the Trustee and the Bank to pursue an affiliation, merger, sale or other strategic transaction relating to the Corporation;

WHEREAS, the Corporation desires to retain: (i) Paul Rundell of Alvarez & Marsal Healthcare Industry Group, LLC ("A&M"), as chief restructuring officer of the Corporation, and (ii) Ziegler to provide services related to an affiliation, merger, sale or other strategic transaction relating to the Corporation; and

WHEREAS, advisors to the Corporation have recommended that the Prior Resolutions be modified as hereinafter provided in the event the Corporation, the Trustee and the Bank are unable to reach agreement on a longer-term standstill agreement and it becomes necessary for the Corporation to restructure its obligations through a Chapter 11 Case;

NOW, THEREFORE, BE IT AND IT IS HEREBY RESOLVED BY THE BOARD OF DIRECTORS OF CLARE OAKS THAT:

1.     The retention of Paul Rundell of A&M, as chief restructuring officer of the Corporation, and Ziegler to provide services related to an affiliation, merger, sale or other strategic transaction relating to the Corporation is hereby approved, and Michael D. Hovde, Jr., and Dan Walsh the President and Vice President of the Corporation, respectively, be and hereby are, individually with full authority to act without the other, authorized, directed and empowered, on behalf of and in the name of the Corporation, to execute and deliver engagement letters with A&M and Ziegler in such forms as the officer of the Corporation executing such engagement letters on behalf of the Corporation shall determine.

2.     Paragraph 5 of the Prior Resolutions is hereby modified to provide that the Authorized Representatives (as defined in the Prior Resolutions) be and hereby are, individually with full authority to act without the others, authorized, directed and empowered, on behalf of and in the name of the Corporation, to take any and all actions deemed by any such Authorized Representative necessary, appropriate or advisable in connection with obtaining authorization for the use of cash collateral by the Corporation and/or obtaining a commitment for and negotiating the terms and conditions of debtor-in-possession financing for the Corporation in a maximum aggregate principal amount of up to $5 million to provide funds for payment of operating the Community, including without limitation repayment of resident entrance fee refunds, and costs and expenses related to the Chapter 11 Case.

3.     Except as modified by these resolutions, the Prior Resolutions be, and the same hereby are, ratified, confirmed and approved; and all other previous resolutions of the Board or of any committee of this Board which are inconsistent with these resolutions be, and the same hereby are, repealed, revoked and rescinded to the extent of such inconsistency.