IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 11 B 48903 |
| | ) | |
| CLARE OAKS, | ) | Hon. Pamela S. Hollis |
| | ) | Chapter 11 |
| Debtor. | ) | |

**NOTICE OF DEBTOR'S MOTION TO (I) APPROVE FOURTH AMENDMENT TO SENIOR SECURED SUPER-PRIORITY DEBTOR-IN-POSSESSION LOAN AGREEMENT AND (II) AMEND FINAL ORDER REGARDING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

PLEASE TAKE NOTICE that on **June 21, 2012 at 10:30 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Pamela S. Hollis or any Judge sitting in her stead in Courtroom 644 in the United States Bankruptcy Court, 219 S. Dearborn Street, Chicago, Illinois and shall then and there present the **Debtor's Motion to (I) Approve Fourth Amendment to Senior Secured Super-Priority Debtor-in-Possession Loan Agreement and (II) Amend Final Order Regarding Use of Cash Collateral and Granting Adequate Protection**, a copy of which is hereby served upon you.

Dated: June 15, 2012

CLARE OAKS

by: /s/ George R. Mesires
George R. Mesires (# 6276952)
Patrick F. Ross (# 6296461)
David R. Doyle (# 6303215)
Ungaretti & Harris LLP
70 W. Madison Street, Suite 3500
Chicago, IL 60602
(312) 977-4400 – phone
(312) 977-4405 – fax
Email: grmesires@uhlaw.com
pfross@uhlaw.com
drdoyle@uhlaw.com

*Counsel for the Debtor and Debtor-in-Possession*

2234567-5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 11 B 48903 |
| | ) | |
| CLARE OAKS, | ) | Hon. Pamela S. Hollis |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | Hearing Date: June 21, 2012 |
| | ) | Hearing Time: 10:30 a.m. |

**DEBTOR'S MOTION TO (I) APPROVE FOURTH AMENDMENT TO SENIOR SECURED SUPER-PRIORITY DEBTOR-IN-POSSESSION LOAN AGREEMENT AND (II) AMEND FINAL ORDER REGARDING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

The above-captioned debtor and debtor-in-possession (the "Debtor"), pursuant to paragraph 1(ii) of the *Final Order Authorizing Debtor to Obtain Postpetition Financing* [Dkt. 179] (the "Final DIP Order") and paragraph 4 of the *Final Order Regarding Use of Cash Collateral and Adequate Protection* [Dkt. 178] (the "Final Cash Collateral Order"), hereby requests (i) entry of an order approving the Fourth Amendment to Senior Secured Super-Priority Debtor-in-Possession Loan Agreement (the "Fourth DIP Amendment"),[1] and (ii) entry of the *Amendment to Final Order Regarding Use of Cash Collateral and Adequate Protection* (the "Cash Collateral Order Amendment") (the "Motion").

On June 13, 2012, the Court entered an *Order Granting Debtor's Motion to Approve an Amendment to the DIP Documents* [Dkt. 252], which approved the Third Amendment to Senior Secured Super-Priority Debtor-in-Possession Loan Agreement (the "Third DIP Amendment") that, among other things, extended the maturity date and modified the sales milestones in the

---

[1] All capitalized terms not defined in this Motion shall have the definitions set forth in the Final DIP Order.

2234567-5

Senior Secured Super-Priority Debtor-in-Possession Loan Agreement (the "DIP Loan Agreement").

The Debtor has reached a further agreement with the DIP Lender to again extend the internal sale milestones for a short period of time – no more than two weeks – to accommodate the Debtor's negotiations with the prospective stalking horse bidders and other constituents. The instant sale milestone extension will not extend the maturity date of the DIP Loan Agreement.

In support of the Motion, the Debtor states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the matters raised in this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## INTRODUCTION

4. On December 5, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Northern District of Illinois, Eastern Division.

5. The Debtor remains in possession of its assets and continues to operate its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. On December 19, 2011, the Office of the United States Trustee appointed an official committee of unsecured creditors in this case (the "Committee").

7. No trustee or examiner has been appointed in this case.

8. The Debtor operates a continuing care retirement community ("CCRC") in Bartlett, Illinois, known as Clare Oaks (the "Clare Oaks Campus").

2234567-5

## RELIEF REQUESTED

### A. Approval of the Fourth DIP Amendment.

9. The Final DIP Order authorized the Debtor "to execute, deliver and perform one or more amendments, waivers, consents or other modifications to and under the DIP Documents not inconsistent with the terms of this Final Order by filing notice of such amendment, waiver, consent or other modification with this Court." *See* Final DIP Order ¶ 1(ii).

10. A true and correct copy of the Fourth DIP Amendment is attached hereto as **Exhibit A**. As stated above, the Debtor's primary purposes in seeking the Fourth DIP Amendment are to extend and modify the sales milestones in the DIP Loan Agreement by no more than two weeks. Specifically, the Fourth DIP Amendment modifies certain of the sales milestones by, among other things:

> (a) extending by two (2) weeks the date by which the Debtor must receive and deliver a reasonably acceptable Asset Purchase Agreement from a prospective purchaser to June 22, 2012;
>
> (b) extending by nine (9) days the date by which the Court must hold a hearing on a motion to establish bid procedures to July 26, 2012;
>
> (c) extending by one (1) week the date by which the Debtor must have conducted an auction for the assets of the Debtor to August 21, 2012; and
>
> (d) extending by one (1) week the date by which the Court must hold a hearing on the Debtor's motion to approve a sale to August 23, 2012.

11. The Debtor has agreed to pay a fee of $15,000 to the DIP Lender for such amendment.

3

2234567-5

12. The Debtor believes that the terms of the Fourth DIP Amendment are not inconsistent with and do not materially alter the Final DIP Order. Accordingly, the Debtor does not believe that further order of this Court is necessary in order to execute, deliver, and perform the terms of the Fourth DIP Amendment if no party-in-interest timely files an Amendment Challenge.

13. However, based on comments by the Office of the United States Trustee with respect to the Third DIP Amendment, and out of an abundance of caution, the Debtor hereby requests entry of an order approving the Fourth DIP Amendment and authorizing the Debtor to take all steps necessary to perform under the Fourth DIP Amendment.

**B. Entry of the Cash Collateral Order Amendment.**

14. Paragraph 4 of the Final Cash Collateral Order provides:

> This Final Order shall not be amended without the express written consent of the Master Trustee and the Bank, which shall be at their respective sole discretion. Notice of any such amendment to this Final Order shall be filed with the Court and served on all parties entitled to notice. . . . Any such party may object to such amendment and request a hearing before the Court. If no such objection is made within five (5) days of such notice, such amendment to this Final Order shall become final.

15. The Cash Collateral Order Amendment amends the Final Cash Collateral Order by modifying and extending the sales milestones, in the same respects as modified by the Third DIP Amendment and the Fourth DIP Amendment. A true and correct copy of the Cash Collateral Order Amendment is attached hereto as **Exhibit B**.

16. The Debtor hereby requests that the Court enter the Cash Collateral Order Amendment and authorize the Debtor to take all steps necessary to perform under the Cash Collateral Order Amendment.

2234567-5

## **NOTICE**

17. The Debtor has caused notice of this Motion to be given by electronic CM/ECF delivery to (a) the Office of the United States Trustee; (b) Neal Wolf & Associates, counsel to the Unsecured Creditors Committee; (c) Senior Care Development, LLC, the Debtor's postpetition DIP Lender; (d) Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., counsel to Wells Fargo Bank, National Association, in its capacity as Master Trustee under the Master Indenture; (e) Duane Morris, counsel to secured lender Sovereign Bank; (f) MB Financial Bank; (g) the Debtor's secured creditors; and (h) those persons who have formally appeared and requested service in these proceedings pursuant to Bankruptcy Rule 2002. The Debtor submits that no further notice of this Motion is necessary.

WHEREFORE, the Debtor respectfully requests that this Court: (a) grant the relief sought in the Motion; (b) enter an order approving the Fourth DIP Amendment; (c) enter the Cash Collateral Order Amendment; (d) authorize the Debtor to take all necessary steps under the Fourth DIP Amendment; (e) authorize the Debtor to take all necessary steps under the Cash Collateral Order Amendment; and (e) grant such other relief as the Court deems just and proper.

[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

Respectfully submitted,

Dated: June 15, 2012      CLARE OAKS

by: /s/ George R. Mesires
George R. Mesires (# 6276952)
Patrick F. Ross (# 6296461)
David R. Doyle (# 6303215)
Ungaretti & Harris LLP
70 W. Madison Street, Suite 3500
Chicago, IL 60602
(312) 977-4400 – phone
(312) 977-4405 – fax
Email: grmesires@uhlaw.com
      pfross@uhlaw.com
      drdoyle@uhlaw.com

*Counsel for the Debtor and Debtor-in-Possession*

6

2234567-5