IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 11 B 48903 |
| | ) | |
| CLARE OAKS, | ) | Hon. Pamela S. Hollis |
| | ) | Chapter 11 |
| Debtor. | ) | |

**NOTICE OF DEBTOR'S MOTION TO (I) APPROVE SIXTH AMENDMENT TO SENIOR SECURED SUPER-PRIORITY DEBTOR-IN-POSSESSION LOAN AGREEMENT AND (II) AMEND FINAL ORDER REGARDING THE USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

PLEASE TAKE NOTICE that on **November 6, 2012 at 11:00 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Pamela S. Hollis or any Judge sitting in her stead in Courtroom 644 in the United States Bankruptcy Court, 219 S. Dearborn Street, Chicago, Illinois and shall then and there present the **Debtor's Motion to (I) Approve Sixth Amendment to Senior Secured Super-Priority Debtor-in-Possession Loan Agreement and (II) Amend Final Order Regarding Use of Cash Collateral and Granting Adequate Protection**, a copy of which is hereby served upon you.

Dated: November 2, 2012                CLARE OAKS

                    by:   /s/ George R. Mesires
                          George R. Mesires (# 6276952)
                          Patrick F. Ross (# 6296461)
                          Ungaretti & Harris LLP
                          70 W. Madison Street, Suite 3500
                          Chicago, IL 60602
                          (312) 977-4400 – phone
                          (312) 977-4405 – fax
                          Email: grmesires@uhlaw.com
                                 pfross@uhlaw.com

                          *Counsel for the Debtor and*
                          *Debtor-in-Possession*

4846-5914-9329.6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 11 B 48903 |
| | ) | |
| CLARE OAKS, | ) | Hon. Pamela S. Hollis |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | Hearing Date: November 6, 2012 |
| | ) | Hearing Time: 11:00 a.m. |

**DEBTOR'S MOTION TO (I) APPROVE SIXTH AMENDMENT TO SENIOR SECURED SUPER-PRIORITY DEBTOR-IN-POSSESSION LOAN AGREEMENT AND (II) AMEND FINAL ORDER REGARDING THE USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

The above-captioned debtor and debtor-in-possession (the "Debtor"), pursuant to Par. 1(ii) of the *Final Order Authorizing Debtor to Obtain Postpetition Financing* [Dkt. 179] (as amended, the "Final DIP Order") and paragraph 4 of the *Final Order Regarding Use of Cash Collateral and Adequate Protection* [Dkt. 178] (as amended, the "Final Cash Collateral Order"), hereby moves this Court (the "Motion") for (a) entry of an order approving the Sixth Amendment to Senior Secured Super-Priority Debtor-in-Possession Loan Agreement (the "Sixth DIP Amendment"), and (b) entry of the Third Amendment to Final Order Regarding Use of Cash Collateral and Adequate Protection (the "Cash Collateral Order Amendment").

On August 7, 2012, the Court entered (a) the *Amendment to Final Order (I) Authorizing Debtor to Obtain Postpetition Financing on a Senior Secured Superpriority Basis Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 364 and (II) Granting Related Relief* [Dkt. 309], and (b) *Second Amendment to Final Order Regarding Use of Cash Collateral and Adequate Protection* [Dkt. 308]. These orders and the amendment to the DIP Credit Agreement approved therein (the "Fifth DIP Amendment") modified certain milestones and provided the Debtor with the ability to extend the maturity date of the Facility by one month to October 31, 2012 upon the payment to

4846-5914-9329.6

the DIP Lender of a $60,000 extension fee. This fee was paid and the current maturity date of the Facility became October 31, 2012.

On September 13, 2012, the Court entered the *Order Granting Motion for Approval of Disclosure Statement and Authorization to Solicit Acceptances of the Creditors' Plan* [Dkt. 364], which, *inter alia*, scheduled a confirmation hearing on the plan of reorganization for October 25, 2012 at 1:30 p.m. (subsequently continued to November 6, 2012 at 11:00 a.m.). The Debtor has reached an agreement with the DIP Lender and the Secured Creditors to extend the sole remaining milestone regarding the effectiveness of a plan of reorganization and the maturity date of the Facility for two additional one-month periods (but not later than December 31, 2012) upon a payment to the DIP Lender of a $60,000 extension fee per period in advance for each one-month extension. During the period November 1, 2012 through and including November 6, 2012 (or such later date agreed to by the DIP Lender and/or a Secured Creditor in its sole discretion), the DIP Lender and each of the Secured Creditors have agreed to forbear from exercising any rights and remedies to which such Person may be entitled.

In support of the Motion, the Debtor states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the matters raised in this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2

4846-5914-9329.6

## INTRODUCTION

4. On December 5, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Northern District of Illinois, Eastern Division.

5. The Debtor remains in possession of its assets and continues to operate its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. On December 19, 2011, the Office of the United States Trustee appointed an official committee of unsecured creditors in this case (the "Committee").

7. No trustee or examiner has been appointed in this case.

8. The Debtor operates a continuing care retirement community ("CCRC") in Bartlett, Illinois, known as Clare Oaks (the "Clare Oaks Campus").

## RELIEF REQUESTED

**A.   Approval of the Sixth DIP Amendment**.

9. The Final DIP Order authorized the Debtor "to execute, deliver and perform one or more amendments, waivers, consents or other modifications to and under the DIP Documents not inconsistent with the terms of this Final Order by filing notice of such amendment, waiver, consent or other modification with this Court." *See* Final DIP Order ¶ 1(ii).

10. A true and correct copy of the Sixth DIP Amendment is attached hereto as **Exhibit A**. As stated above, the Debtor's purpose in seeking the Sixth DIP Amendment is to modify the sole remaining milestone and to extend the maturity date of the Facility by two additional one-month periods. These purposes are achieved by the Sixth DIP Amendment, which requires the Debtor to pay a $60,000 amendment fee to the DIP

3

Lender in advance for each one-month extension. This is the same amendment fee authorized by the Court pursuant to the Fifth DIP Amendment.

11. The Debtor believes that the terms of the Sixth DIP Amendment are not inconsistent with and do not materially alter the Final DIP Order. Accordingly, the Debtor does not believe that further order of this Court is necessary in order to execute, deliver, and perform the terms of the Sixth DIP Amendment if no party-in-interest timely files an Amendment Challenge.

12. However, based on timing, comments by the Office of the United States Trustee, and out of an abundance of caution, the Debtor hereby requests entry of an order approving the Sixth DIP Amendment and authorizing the Debtor to take all steps necessary to perform under the Sixth DIP Amendment in the form attached hereto as **Exhibit B** (the "DIP Order Amendment"). This is the same procedure that the Debtor followed with respect to the Fifth DIP Amendment.

B. **Entry of the Cash Collateral Order Amendment.**

13. Paragraph 4 of the Final Cash Collateral Order provides:

> This Final Order shall not be amended without the express written consent of the Master Trustee and the Bank, which shall be at their respective sole discretion. Notice of any such amendment to this Final Order shall be filed with the Court and served on all parties entitled to notice. . . . Any such party may object to such amendment and request a hearing before the Court. If no such objection is made within five (5) days of such notice, such amendment to this Final Order shall become final.

14. The Cash Collateral Order Amendment amends the Final Cash Collateral Order by modifying and extending the sales milestones in the same respects as modified by the Sixth DIP Amendment. A true and correct copy of the Cash Collateral Order Amendment is attached hereto as **Exhibit C**.

4846-5914-9329.6

15. As stated above, the Master Trustee and Bank have each agreed to the relief requested in the Cash Collateral Order Amendment. The Debtor hereby requests that the Court enter the Cash Collateral Order Amendment and authorize the Debtor to take all steps necessary to perform under the Cash Collateral Order Amendment.

## NOTICE

16. The Debtor has caused notice of this Motion to be given by electronic CM/ECF delivery to (a) the Office of the United States Trustee; (b) Neal Wolf & Associates, counsel to the Unsecured Creditors Committee; (c) Senior Care Development, LLC, the Debtor's postpetition DIP Lender; (d) Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., counsel to Wells Fargo Bank, National Association, in its capacity as Master Trustee under the Master Indenture; (e) Duane Morris, counsel to secured lender Sovereign Bank; (f) MB Financial Bank; (g) the Debtor's secured creditors; and (h) those persons who have formally appeared and requested service in these proceedings pursuant to Bankruptcy Rule 2002. The Debtor submits that no further notice of this Motion is necessary.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order: (a) granting the relief sought in the Motion; (b) enter the DIP Order Amendment; (c) enter the Cash Collateral Order Amendment; (d) authorize the Debtor to take all necessary steps under the Sixth DIP Amendment and the DIP Order Amendment; (e) authorize the Debtor to take all necessary steps under the Cash Collateral Order Amendment; and (e) grant such other relief as the Court deems just and proper.

4846-5914-9329.6

Respectfully submitted,

Dated: November 2, 2012

CLARE OAKS

by: /s/ George R. Mesires
George R. Mesires (# 6276952)
Patrick F. Ross (# 6296461)
Ungaretti & Harris LLP
70 W. Madison Street, Suite 3500
Chicago, IL 60602
(312) 977-4400 – phone
(312) 977-4405 – fax
Email: grmesires@uhlaw.com
pfross@uhlaw.com

*Counsel for the Debtor and Debtor-in-Possession*