IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 11 B 48903 |
| | ) | |
| CLARE OAKS, | ) | Hon. Pamela S. Hollis |
| | ) | Chapter 11 |
| Debtor. | ) | |

### THIRD AMENDMENT TO FINAL ORDER REGARDING USE OF CASH COLLATERAL AND ADEQUATE PROTECTION

This matter coming before the Court on the motion of the above-captioned debtor and debtor-in-possession (the "Debtor") to (I) Approve Sixth Amendment to Senior Secured Super-Priority Debtor-in-Possession Loan Agreement and (II) Amend Final Order Regarding the Use of Cash Collateral and Granting Adequate Protection (the "Motion," and the capitalized undefined terms herein having the meanings set forth in the Motion) and upon terms agreed to by the Trustee and the Bank; the Court having jurisdiction over the subject matter of the Motion and the parties; due and proper notice having been given to necessary parties; the Court having considered the Motion and the statements of counsel appearing before the Court; and the Court being otherwise fully advised in the premises; it appears to the Court that:

A.  On December 5, 2011, the Debtor filed its *Emergency Motion for the Entry of an Interim Order: (I) Authorizing Use of Cash Collateral; (II) Providing Adequate Protection; and (III) Scheduling a Final Hearing* [Dkt. 17] (the "Cash Collateral Motion").

B.  On March 8, 2012, the Court entered the Final Order Regarding Use of Cash Collateral and Adequate Protection [Dkt. 178] (the "Cash Collateral Order").

C.  On June 21, 2012, the Court entered the Amendment to Final Order Regarding Use of Cash Collateral and Adequate Protection [Dkt. 262].

4832-0031-8225.5

D. On August 7, 2012, the Court entered the Second Amendment to Final Order Regarding Use of Cash Collateral and Adequate Protection [Dkt. 308].

E. The Bank and the Trustee have consented to the proposed amendments to the Budget and the Cash Collateral Order.

**NOW, THEREFORE, THE COURT HEREBY ORDERS AS FOLLOWS:**

1. Subject to the terms and provisions of this Order, each of the findings, conclusions, representations, recitals, stipulations, and orders contained in the Cash Collateral Order, as amended, shall be and hereby are ratified and affirmed as if set forth herein in full, and shall remain in full force and effect except as expressly modified pursuant to the terms of this Order.

2. The budget attached to this Order as **Exhibit A** is hereby approved, and, for the avoidance of doubt, such budget constitutes the "Budget" for the time periods covered thereby for all purposes under the Final Order (I) Authorizing Debtor to Obtain Postpetition Financing on a Senior Secured Superpriority Basis Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 364, and (II) Granting Related Relief [Dkt. 179] (the "Final DIP Order"), as amended, the DIP Documents, and the Cash Collateral Order, as amended.

3. All of the rights and remedies available to the Secured Creditors (or any of them) with respect to a Termination Event relating to the maturity of the DIP Financing on October 31, 2012 and the failure to satisfy the milestone set forth in paragraph 15(viii) of the Cash Collateral Order as in effect on October 31, 2012 are waived by the Secured Creditors and are null and void in all respects.

4. Subsections (vii), (viii) and (ix) of paragraph 15 of the Cash Collateral Order are hereby amended and restated in their entirety to provide as follows:

2

4832-0031-8225.5

"(vii)   [Intentionally Omitted]

(viii)   Subject to paragraph 15(ix) below, on or prior to the later of (x) November 1, 2012 and (y) the date on which the Court enters that certain third amendment to final order regarding use of cash collateral and adequate protection (such later date, the "Plan Effective Milestone Date"), the plan of reorganization filed by the Trustee and the Bank shall become effective.

(ix)   Upon a payment to the DIP Lender of an additional fee in the amount of Sixty Thousand Dollars ($60,000.00) after the entry of the order described in paragraph (viii) above and the entry of that certain second amendment to the Final DIP Order approving the sixth amendment to the DIP Loan Agreement, the Plan Effective Milestone Date, without further action by any Person or order of the Court, shall be extended to November 30, 2012 and the maturity date of the DIP Financing shall likewise be extended to November 30, 2012 without further action from any Person or order of the Court. Upon a payment to the DIP Lender on or prior to November 30, 2012 of an additional fee in the amount of Sixty Thousand Dollars ($60,000.00), the Plan Effective Milestone Date, without further action by any Person or order of the Court, shall be further extended to December 31, 2012 and the maturity date of the DIP Financing shall likewise be further extended to December 31, 2012 without further action from any Person or order of the Court."

5.   This Order shall become effective immediately upon entry of this Order by the Court.

NOV - 6 2012

DATED: November __, 2012

_____
United States Bankruptcy Judge

3

4832-0031-8225.5

# Exhibit A

## Budget

Case 11-48903   Doc 413-3   Filed 11/02/12   Entered 11/02/12 13:01:25   Desc Exhibit C (Cash Collateral Order Amendment)   Page 6 of 7

**DIP Budget**
**Clare Oaks**
Not-For-Profit
($ in Thousands)
DIP Budget
($000s Omitted)

Subject to F.R.E. 408

| Week of Case | 48<br>Week Ended<br>11/2/2012 | 49<br>Week Ended<br>11/9/2012 | 50<br>Week Ended<br>11/16/2012 | 51<br>Week Ended<br>11/23/2012 | 52<br>Week Ended<br>11/30/2012 | 53<br>Week Ended<br>12/7/2012 | 54<br>Week Ended<br>12/14/2012 | 7 Weeks<br>Total<br>11/2/2012<br>12/14/2012 |
|---|---|---|---|---|---|---|---|---|
| **Clare Oaks (Not-For-Profit) - Cash Flow** | | | | | | | | |
| Beginning Book Cash Balance | $ 1,148 | $ 1,447 | $ 1,579 | $ 1,350 | $ 1,173 | $ 1,173 | $ 1,136 | $ 1,148 |
| **Receipts** | | | | | | | | |
| LU | 34 | 34 | 135 | 52 | 34 | 34 | 34 | 356 |
| ALF/MS | 35 | 17 | 48 | 67 | 35 | 17 | 33 | 252 |
| SNF | 318 | 138 | 48 | 39 | 193 | 208 | 150 | 1,095 |
| Co-Insurance | 89 | - | - | 89 | 89 | - | - | 266 |
| Other | - | - | 15 | 5 | - | - | - | 20 |
| **Total Receipts** | 476 | 189 | 246 | 251 | 351 | 259 | 217 | 1,989 |
| **Disbursements - Operating** | | | | | | | | |
| Payroll | 305 | - | 305 | - | 305 | - | 305 | 1,220 |
| Trade Payables Current | 160 | 160 | 160 | 160 | 160 | 160 | 160 | 1,120 |
| Entrance Fee Refunds | 202 | - | - | - | - | 38 | - | 240 |
| Capital Expenditures | 10 | 10 | 10 | 125 | 10 | 10 | 10 | 185 |
| Other Expenses | - | - | - | 143 | - | - | - | 143 |
| **Total Operating Disbursements** | 677 | 170 | 475 | 428 | 475 | 208 | 475 | 2,908 |
| **Net Operating Cash Flow** | (201) | 19 | (229) | (177) | (124) | 51 | (258) | (919) |
| **Restructuring Disbursements** | | | | | | | | |
| Professional Fees | - | 554 | - | - | 376 | - | - | 930 |
| US Trustee Fees | - | - | - | - | - | - | 13 | 13 |
| Utility Deposits | - | - | - | - | - | - | - | - |
| DIP Interest and Fees | - | 83 | - | - | - | 89 | - | 171 |
| **Total Restructuring Disbursements** | - | 637 | - | - | 376 | 89 | 13 | 1,115 |
| **Financing Disbursements** | | | | | | | | |
| DIP Funding | 500 | 750 | - | - | 500 | - | - | 1,750 |
| **Total Financing Disbursements** | 500 | 750 | - | - | 500 | - | - | 1,750 |
| **Net Cash Flow** | 299 | 132 | (229) | (177) | 0 | (37) | (271) | (283) |
| Ending Book Cash Balance | $ 1,447 | $ 1,579 | $ 1,350 | $ 1,173 | $ 1,173 | $ 1,136 | $ 865 | $ 865 |
| Beginning DIP Balance | $ 4,000 | $ 4,500 | $ 5,250 | $ 5,250 | $ 5,250 | $ 5,750 | $ 5,750 | $ 4,000 |
| DIP Funding | 500 | 750 | - | - | 500 | - | - | 1,750 |
| **Ending DIP Balance** | $ 4,500 | $ 5,250 | $ 5,250 | $ 5,250 | $ 5,750 | $ 5,750 | $ 5,750 | $ 5,750 |
| Unpaid Professional Fees and Holdbacks | | | | | | | | 844 |
| Total Ending DIP Balance | | | | | | | | $ 6,594 |

Privileged. Confidential

Case 11-48903    Doc 423    Filed 11/06/12    Entered 11/06/12 13:56:15    Desc Main
Document    Page 6 of 6

Case 11-48903    Doc 413-3    Filed 11/02/12    Entered 11/02/12 13:01:25    Desc Exhibit
C (Cash Collateral Order - Amendment)    Page 7 of 7

DIP Budget
($000s Omitted)

**Estimated Total Professional Fees for Clare Oaks**

| ($ in Thousands) | December | January | February | March | April | May | June | July | August | September | October | November | December | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Clare Oaks** | | | | | | | | | | | | | | |
| *Financial Advisors:* | | | | | | | | | | | | | | |
| Alvarez & Marsal | 100 | 100 | 90 | 90 | 80 | 70 | 70 | 153 | 153 | 154 | 154 | 154 | 77 | 1,445 |
| Ziegler (1) | - | 20 | 10 | 10 | - | - | - | - | - | - | - | - | - | 40 |
| **Total FA** | 100 | 120 | 100 | 100 | 80 | 70 | 70 | 153 | 153 | 154 | 154 | 154 | 77 | 1,485 |
| *Legal Advisors:* | | | | | | | | | | | | | | |
| Ungaretti & Harris (3) | 175 | 175 | 175 | 150 | 150 | 150 | 300 | 308 | 288 | 288 | 200 | 200 | 100 | 2,660 |
| Jones Day (Bond Counsel) | - | - | - | - | - | - | - | - | - | - | - | 50 | - | 50 |
| **Total Legal** | 175 | 175 | 175 | 150 | 150 | 150 | 300 | 308 | 288 | 288 | 200 | 250 | 100 | 2,710 |
| Claims Agent | 20 | 20 | 20 | 20 | 20 | 20 | 20 | 20 | 20 | 40 | 30 | 30 | 20 | 300 |
| **Total Clare Oaks** | 295 | 315 | 295 | 270 | 250 | 240 | 390 | 481 | 461 | 482 | 384 | 434 | 197 | 4,495 |
| *Other:* | | | | | | | | | | | | | | |
| Adequate Protection (Creditors) | - | - | - | - | - | - | - | 400 | - | - | - | - | - | 400 |
| Unsecured Committee (2) | 10 | 30 | 30 | 30 | 40 | 40 | 40 | 55 | 40 | 40 | 40 | 30 | 20 | 445 |
| **Grand Total** | 305 | 345 | 325 | 300 | 290 | 280 | 430 | 936 | 501 | 522 | 424 | 464 | 217 | 5,340 |

Notes: (1) Fees will be paid at closing, amount to be determined
Notes: (2) Includes an extra $15k placeholder in July relating to committee claims, not specified to a specific month
Notes: (3) Up to an extra $20k per month in August and September (or an aggregate of $40,000 for both months) shall be allocated to UH provided unused allocations remain on the line item for the Unsecured Committee during the corresponding periods pursuant to this budget.

**Estimated Professional Fees PAID Net of Holdback**

| | December | January | February | March | April | May | June | July | August | September | October | November | December | Total | Nov & Dec Fees | Holdbacks |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Clare Oaks** | | | | | | | | | | | | | | | | |
| *Financial Advisors* | | | | | | | | | | | | | | | | |
| Alvarez & Marsal | - | 100 | 100 | 90 | 90 | 80 | 70 | 153 | 153 | 154 | 154 | - | - | 1,214 | 231 | - |
| Ziegler (1) | - | - | - | 20 | 10 | 10 | - | - | - | - | - | - | - | 40 | - | - |
| **Total FA** | - | 100 | 100 | 110 | 100 | 90 | 70 | 153 | 153 | 154 | 154 | - | - | 1,254 | 231 | - |
| *Legal Advisors* | | | | | | | | | | | | | | | | |
| Ungaretti & Harris (3) | - | 140 | 140 | 140 | 120 | 255 | 120 | 240 | 247 | 351 | 292 | 160 | - | 2,205 | 300 | 155 |
| Jones Day (Bond Counsel) | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 50 | - |
| **Total Legal** | - | 140 | 140 | 140 | 120 | 255 | 120 | 240 | 247 | 351 | 292 | 160 | - | 2,205 | 350 | 155 |
| Claims Agent | - | - | - | 20 | 20 | 20 | 20 | 20 | 20 | 40 | 60 | 30 | - | 250 | 50 | - |
| **Total Clare Oaks** | - | 240 | 240 | 270 | 240 | 365 | 210 | 330 | 420 | 544 | 506 | 344 | - | 3,709 | 631 | 155 |
| *Other* | | | | | | | | | | | | | | | | |
| Adequate Protection (Creditors) | - | - | - | - | - | - | - | 400 | - | - | - | - | - | 400 | - | - |
| Unsecured Committee (2) | - | 8 | 24 | 24 | 24 | 52 | 32 | 32 | 44 | 67 | 48 | 32 | - | 387 | 50 | 8 |
| **Grand Total** | - | 248 | 264 | 294 | 264 | 417 | 242 | 762 | 464 | 611 | 554 | 376 | - | 4,496 | 681 | 163 |