IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 11-48903 |
| | ) | Chapter 11 |
| CLARE OAKS, | ) | |
| | ) | Hon. Pamela S. Hollis |
| Debtor. | ) | |

**NOTICE OF HEARING ON THIRD AND FINAL APPLICATION FOR ALLOWANCE
AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
UNGARETTI & HARRIS LLP, DEBTOR'S COUNSEL**

TO:     See Attached Service List

PLEASE TAKE NOTICE that on **February 14, 2013 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Pamela S. Hollis or any judge sitting in her stead in Courtroom 644 in the United States Bankruptcy Court, 219 S. Dearborn Street, Chicago, Illinois and shall then and there present the **Third and Final Application for Allowance and Payment of Compensation and Reimbursement of Expenses of Ungaretti & Harris LLP, Debtor's Counsel** (the "Application"), a copy of which is hereby served on you.

Dated: January 24, 2013               UNGARETTI & HARRIS LLP

                            by:   /s/ George R. Mesires
                                  George R. Mesires (# 6276952)
                                  Patrick F. Ross (# 6296461)
                                  Ungaretti & Harris LLP
                                  70 W. Madison Street, Suite 3500
                                  Chicago, IL 60602
                                  (312) 977-4400 – phone
                                  (312) 977-4405 – fax
                                  Email: grmesires@uhlaw.com
                                          pfross@uhlaw.com

                                  *Counsel for the Debtor and
                                  Debtor-in-Possession*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that on January 24, 2013, I electronically filed the **Third and Final Application for Allowance and Payment of Compensation and Reimbursement of Expenses of Ungaretti & Harris LLP, Debtor's Counsel** with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the following individuals:

*See Attached Service List*

and I hereby certify that on January 24, 2013, I caused to be sent by first class U.S. mail the **Third and Final Application for Allowance and Payment of Compensation and Reimbursement of Expenses of Ungaretti & Harris LLP, Debtor's Counsel** to the following non-registered individuals:

MB Financial Bank, NA
6111 N. River Rd., 8th Floor
Rosemont, IL 60018
Attn: Trust Operations Dept.
Ursula Fernandez, Customer Svc Mgr
Henry Wessel, VP, Managed Assets

/s/ George R. Mesires

## SERVICE LIST

| | | |
|---|---|---|
| **Jordan Bailey**<br>Haynes and Boone, LLP<br>2323 Victory Avenue<br>Suite 700<br>Dallas, TX 75219<br>214.651.5000<br>*Assigned: 10/22/2012*<br>*LEAD ATTORNEY* | representing | **Sysco Chicago Inc.**<br>*(Creditor)* |
| **Elizabeth A. Bates**<br>Springer, Brown, Covey, Gaertner &<br>Davis<br>400 South County Farm Road<br>Ste. 330<br>Wheaton, IL 60187<br>630-510-0000<br>630-510-0004 (fax)<br>ebates@springerbrown.com<br>*Assigned: 06/22/2012* | representing | **Elizabeth A Bates**<br>Springer, Brown, Covey, Gaertner and<br>Dav<br>*(Attorney)* |

**Timothy W Brink**
DLA Piper US LLP
203 N. LaSalle Street, Suite 1900
Chicago, IL 60601
312- 368-6802
312 251-2170 (fax)
timothy.brink@dlapiper.com
*Assigned: 12/06/2011*

representing    **The Sisters of St. Joseph of the Third
Order of St. Francis, Inc.**
*(Creditor)*

**Rosanne Ciambrone**
Duane Morris LLP
190 South LaSalle Street Suite 3700
Chicago, IL 60603
312 499-6700
312 499-6701 (fax)
rciambrone@duanemorris.com
*Assigned: 09/11/2012*

representing    **Sovereign Bank**
*(Creditor)*

**Roberto A Dall'Asta**
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, IL 60606
(312) - 9847517
rdallasta@mwe.com
*Assigned: 04/18/2012*

representing    **B.C. Ziegler and Company**
*(Other Prof.)*

**Bruce Dopke**
P O Box 681246
Schaumburg, IL 60168
847 524-4811
847 524-4131 (fax)
bruce@dopkelaw.com
*Assigned: 04/20/2012*

representing    **Friendship Senior Options, NFP**
*(Interested Party)*

**Robert M Fishman**
Shaw Fishman Glantz & Towbin LLC
321 N Clark Street
Suite 800
Chicago, IL 60654
312 666-2842
312 275-0567 (fax)
rfishman@shawfishman.com
*Assigned: 12/07/2011*

representing    **Wells Fargo Bank, National
Association**
*(Creditor)*

**Ronald E Gold**
Frost Brown Todd LLC
201 E Fifth St
Cincinnati, OH 45202          representing
513-651-6156
rgold@fbtlaw.com
*Assigned: 07/10/2012*

**ER Propco Co., LLC**
*(Interested Party)*

**Emily S. Gottlieb**
The Garden City Group, Inc.
190 S. LaSalle Street
Suite 1520                   representing
Chicago, IL 60603
312-499-6900
emily_gottlieb@gardencitygroup.com
*Assigned: 12/07/2011*

**The Garden City Group, Inc.**
*(Other Prof.)*

**Joshua D Greene**
Springer, Brown, Covey, Gaertner &
Davis
400 South County Farm Rd.
Suite330                     representing
Wheaton, IL 60187
630-510-0000
jgreene@springerbrown.com
*Assigned: 06/22/2012*

**Joshua D Greene**
*(Attorney)*

**Allen J Guon**
Shaw Fishman Glantz & Towbin LLC
321 N. Clark St., Suite 800
Chicago, Il 60610            representing
312- 541-0151
(312) 980-3888 (fax)
aguon@shawfishman.com
*Assigned: 12/08/2011*

**Wells Fargo Bank, National
Association**
*(Creditor)*

**Robert A Guy, JR**
*Assigned: 07/27/2012*        representing
*LEAD ATTORNEY*

**ER Propco Co., LLC**
*(Interested Party)*

**James R Irving**
DLA Piper LLP US
203 North LaSalle Street
Suite 1900                   representing
Chicago, IL 60611
312 368-4000
jim.irving@dlapiper.com
*Assigned: 12/06/2011*

**The Sisters of St. Joseph of the Third
Order of St. Francis, Inc.**
*(Creditor)*

**Robert J. Labate**
Holland & Knight LLP
131 S. Dearborn Street
30th Floor
Chicago, IL 60603                    representing    **Senior Care Development LLC**
312 263-3600 Ext. 65751                             *(Creditor)*
312 578-6666 (fax)
robert.labate@hklaw.com
*Assigned: 01/05/2012*

**Phillip A Martin**
Fultz Maddox Hovious & Dickens
PLC
101 South Fifth St., 27th Floor      representing    **Pharmerica Drug Systems, LLC**
Louisville, KY 40202                                *(Creditor)*
(502) - 5882000
pmartin@fmhd.com
*Assigned: 12/12/2011*

**George R Mesires**
Ungaretti & Harris LLP
Three First National Plaza                           **Clare Oaks**
70 W. Madison Street, Suite 3500                     801 W Bartlett Rd
Chicago, IL 60602                    representing    Bartlett, IL 60103
312 977-4151                                         *(Debtor)*
312 977-4405 (fax)
grmesires@uhlaw.com
*Assigned: 12/05/2011*

**Kathleen Noga**
McMahan & Sigunick, Ltd.
412 S. Wells St., 6th Fl.
Chicago, IL 60607                    representing    **Sysco Chicago Inc.**
(312) - 9131174                                     *(Creditor)*
kathleen@mcmahanlaw.com
*Assigned: 10/17/2012*

**Jonathan N Rogers**
Stitt, Klein, Daday, Aretos, et al
2550 W. Golf Rd.
Suite 250                                            **James F Jackson**
Rolling Meadows, IL 60008            representing    4020 Meadow Drive
847 590-8700 Ext. 110                               St. Charles, IL 60175
847 590-9825 (fax)                                  *(Creditor)*
jrogers@skdaglaw.com
*Assigned: 01/11/2013*

**Jeffrey Snell**
Office of the United States Trustee
219 S. Dearborn St., Room 873
Chicago, IL 60604
(312) - 886-0890
jeffrey.snell@usdoj.gov
*Assigned: 01/20/2012*

representing

**Patrick S Layng**
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604
312-886-5785
USTPRegion11.ES.ECF@usdoj.gov
*(U.S. Trustee)*

**Thomas E Springer**
Springer, Brown, Covey, Gaertner &
Davis
400 S. County Farm Road
Suite 330
Wheaton, IL 60187
630-510-0000
630-510-0004 (fax)
tspringer@springerbrown.com
*Assigned: 06/22/2012*

representing

**Thomas E. Springer**
d
400 S. County Farm Road
Suite 330
Wheaton, IL 60187
*(Attorney)*

**Marc N Swanson**
Miller Canfield Paddocki & Stone,
PLC
150 West Jefferson Avenue
Suite 2500
Detroit, MI 48226
*Assigned: 12/20/2012*

representing

**Illinois Finance Authority**
*(Interested Party)*

*Assigned: 01/08/2013*
*LEAD ATTORNEY*

representing

**Illinois Finance Authority**
*(Interested Party)*

**Jerry L Switzer**
Polsinelli Shughart, PC
161 N. Clark Ste 4200
Chicago, IL 60601
312 873-3626
312 873-2926 (fax)
jswitzer@polsinelli.com
*Assigned: 07/19/2012*

representing

**ER Propco Co., LLC**
*(Interested Party)*

**Michael Traison**
Miller, Canfield, Paddock & Stone
PLC
225 W. Washington
Suite 2600
Chicago, IL 60606                   representing   **Illinois Finance Authority**
312-927-9669                                       *(Interested Party)*
312-460-4201 (fax)
traison@millercanfield.com
*Assigned: 01/03/2012*

**Adrienne K Walker**
Mintz, Levine, Cohn, Ferris Glovsky
and Popeo, P.C.                                    **Wells Fargo Bank, National**
One Financial Center                               **Association**
Boston, MA 02111            representing           *(Creditor)*
(617) - 3481612
awalker@mintz.com
*Assigned: 07/22/2012*

**John R Weiss**
Duane Morris LLP
190 South LaSalle Street
Suite 3700
Chicago, IL 60603           representing           **Sovereign Bank**
312 499-0148                                       *(Creditor)*
312 499-6701 (fax)
jrweiss@duanemorris.com
*Assigned: 12/05/2011*

*Assigned: 11/06/2012*                             **Wells Fargo Bank, National**
                            representing           **Association**
                                                   *(Creditor)*

**Neal L Wolf**
Neal Wolf & Associates, LLC
155 N. Wacker Drive
Suite 1910                                         **The Official Committee of Unsecured**
Chicago, IL 60606           representing           **Creditorsof Clare Oaks**
312-228-4990                                       *(Creditor Committee)*
312-228-4988 (fax)
nwolf@nealwolflaw.com
*Assigned: 12/21/2011*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 11-48903 |
| | ) | Chapter 11 |
| CLARE OAKS, | ) | Hon. Pamela S. Hollis |
| | ) | |
| Debtor. | ) | Hearing Date: February 14, 2013 |
| | ) | Hearing Time: 10:00 a.m. |

**THIRD AND FINAL APPLICATION FOR ALLOWANCE
AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES OF UNGARETTI & HARRIS LLP, DEBTOR'S COUNSEL**

Ungaretti & Harris LLP ("U&H"), counsel for the above-captioned reorganized debtor

(the "Debtor"), pursuant to sections 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), Local Rule 5082-1 of the Bankruptcy Court for the Northern District of

Illinois (the "Local Rules"), and the *Order Establishing Interim Fee and Expense Procedures*

[Dkt. 170] (the "Interim Procedures Order"), hereby requests the entry of an order allowing and

paying compensation and reimbursement of expenses to U&H on a final basis (the "Final

Application").

Between December 5, 2011 and December 31, 2012 (the "Total Application Period"),

U&H provided 5,134.5 hours of legal services to the Debtor, with a value of $2,643,014.50 in

fees at customary rates and $11,266.30 in expenses incurred on behalf of the Debtor. Due to the

Debtor's not-for-profit status and the fact that the Debtor has been a long-time client, however,

U&H has provided the Debtor a discount of approximately 10% from its restructuring rates for

cases of this size, complexity, and intensity (the "Discount"), which reduced the Debtor's fees

incurred by $273,123.50 over the Total Application Period. Additional events have further

reduced the total amount of fees and expenses incurred by the Debtor. Most notably, to

accommodate the Illinois Finance Authority, which would not approve the issuance of new

bonds to the Debtor's secured creditors unless all professionals first agreed to further discount

their invoices, U&H agreed to voluntarily reduce its total requested fees and expenses by

$350,000.[1]

Accordingly, by this Final Application, U&H seeks entry of an order: (a) allowing and

awarding as reasonable compensation to U&H fees in the amount of $748,331.46 (the "Allowed

Fees"), which is a portion of the total fees of $956,966.00 for services rendered to the Debtor

(the total amount being the "Recorded Fees"), during the period from July 1, 2012, to December

31, 2012 (the "Final Application Period") for 1,900.9 hours of actual, necessary legal services

rendered to the Debtors from July 1, 2012 to December 31, 2012 (the "Final Application

Period"); (b) allowing and approving the reimbursement of U&H's out of pocket costs in the

amount of $4,881.73 (the "Allowed Expenses") as actual, necessary expenses incurred in

connection with the legal services rendered to the Debtor during the Final Application Period; (c)

authorizing and directing the Debtor to pay U&H $48,475.83, which is the sum of the Allowed

Fees and Allowed Expenses that have not been already paid pursuant to the First and Second

Interim Fee Applications and the Interim Procedures Order; and (d) allowing and awarding to

U&H, on a final basis, total compensation in the amount of $2,016,946.89 for 5,134.5 hours of

legal services rendered to the Debtors between December 5, 2011 and December 31, 2012 (the

"Total Application Period"), which is a portion of the total fees of $2,369,891.00 for services

rendered to the Debtor, and reimbursement of expenses totaling $10,600.70 incurred by U&H in

connection with the legal services rendered.

---

[1] Less material fee and expense reductions are as follows: (i) on September 20, 2012, the Court entered its
Order on U&H's Second Interim Fee Application [Dkt. 373], which disallowed $665.60 of U&H's
expenses incurred during the Second Application Period; and (ii) recently, the Debtor informed U&H that
it was experiencing a budgetary shortfall of $2,944.11 for U&H's fees and expenses, which U&H has also
agreed to voluntarily subtract from its total fees and expenses.

In further support of its Final Application, U&H states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the matters raised in this Second Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (M).

2.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.      On December 5, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4.      On November 15, 2012, the Court entered an Order [Dkt. 437] (the "Confirmation Order") confirming the Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated September 13, 2012 [Dkt. 357] (the "Plan").

5.      As provided in the Confirmation Order, the Plan became effective on December 31, 2012 (the "Effective Date") upon the satisfaction of certain conditions precedent. Pursuant to Paragraph 44 of the Confirmation Order, the Creditors' Committee dissolved automatically upon the Effective Date, except with respect to resolution of applications for Professional Fee Claims.

### The Debtor's Employment of U&H

6.      On January 6, 2012, the Debtor filed its *Application to Employ Ungaretti & Harris LLP as Bankruptcy Counsel* [Dkt. 94] (the "Employment Application") seeking to employ U&H to provide general legal services in this case.

7.      On January 17, 2012, the Court entered an *Order Authorizing Debtor to Employ Ungaretti & Harris LLP as Bankruptcy Counsel* [Dkt. 108] (the "Employment Order"), which authorized the Debtor to employ U&H effective retroactively to the Petition Date.

8.     On April 10, 2012, U&H filed its *First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses* [Dkt. 205] seeking compensation of $670,567.90 and reimbursement of expenses totaling $4,432.10 for legal services rendered from December 5, 2011 to March 31, 2012 (the "First Application Period"). On May 10, 2012, the Court entered its Order [Dkt. 238] allowing and awarding to U&H $670,567.90 of compensation and reimbursement of $4,432.10 for the First Application Period.

9.     On August 30, 2012, U&H filed its *Second Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses* [Dkt. 336] seeking compensation of $598,047.53 and reimbursement of expenses totaling $1,952.47 for legal services rendered from April 1, 2012 to June 30, 2012 (the "Second Application Period"). On September 21, 2012, the Court entered its Order [Dkt. 373] allowing and awarding to U&H $598,047.53 of compensation and reduced reimbursement of $1,286.87 for the Second Application Period.

**Postpetition DIP Financing and Budget**

10.     In its First and Second Interim Fee Applications, U&H discussed the Debtor's DIP Financing and DIP Loan Agreement, which capitalized terms and discussion are incorporated by reference herein.

11.     Pursuant to the Final DIP Order, the professional fees of the Debtor and the Creditors' Committee are subject to a budget (the "Budget"), which limits the payment of U&H's compensation and reimbursement during the Final Application Period to an aggregate amount of $1,384,000.00, subject to carryover, based on a monthly budgeted estimation between July – December 2012 ranging from $100,000 to $308,000 (the "Monthly Budget Allocation").

## **Interim Procedures Order**

12.     In its First and Second Interim Fee Applications, U&H discussed the Interim Procedures Order, which capitalized terms and discussions are incorporated by referenced herein. Pursuant to the Interim Procedures Order, U&H circulated to the Notice Parties copies of its billing statements for July 2012 (**Exhibit A**), August 2012 (**Exhibit B**), September 2012 (**Exhibit C**), October 2012 (**Exhibit D**) , November 2012 (**Exhibit E**), and December 2012 (**Exhibit F**) (collectively, the "Billing Statements"). The Billing Statements provide itemized and detailed descriptions of the specific legal services rendered and out of pocket expenses incurred by U&H. A chart summarizing the Billing Statements is attached as **Exhibit G**.

13.     Pursuant to the Interim Procedures Order, U&H has received Interim Payments from the Debtor for 80% of its fees and 100% of its expenses on the Billing Statements for July through November 2012, which totals $704,737.36. As of the date this Application was filed, U&H circulated to the Notice Parties its December 2012 Billing Statement but has not yet received the Interim Payment requested, $29,243.33. Assuming none of the Notice Parties objects to U&H's December 2012 Billing Statement and the Debtor makes the requested Interim Payment before the hearing on this Final Application, the Debtor's Interim Payments during the Final Application Period will total $733,980.69, which will leave $19,232.50 remaining to be paid, as permitted by the Budget.

## **NARRATIVE SUMMARY**
### *(LOCAL RULE 5082-1(B))*

14.     Local Rule 5082-1(B)(1)(a) – During the Final Application Period, U&H performed a variety of services on the Debtor's behalf, which were categorized into principal activities and recorded under a series of task codes on the Billing Statements. A spreadsheet

summary of U&H's task codes and the total compensation requested in connection with each

code is attached as **Exhibit G** (see the column heading titled "Subtotal – Final App. Period").

15.    <u>Local Rule 5082-1(B)(1)(b)</u> – Narrative summaries of U&H's principal activities

during the Final Application Period follow, including details of individual tasks performed

within each activity (as recorded under the various task codes in the Billing Statements):

(a) **B110 (Case Administration)** – The services under this task code involved a variety of tasks
relating to case administration, coordination among the Debtor and its professionals, and
compliance with statutory requirements, including coordinating operational matters with Alvarez
& Marsal and the Debtor's Chief Restructuring Officer; reviewing and revising the Debtor's
monthly summaries of cash receipts and disbursements; advising the Debtor regarding the
quarterly fee owed to the U.S. Trustee and documenting payment; drafting internal assignment
and direction memoranda; and status and strategy conferences where multiple motions,
operational issues, or other matters were involved. In connection with these services, U&H
expended approximately 28.3 hours and incurred $14,138.00 in fees.

(b) **B130 (Asset Disposition)** – During the Second Application Period, the Debtor successfully
negotiated an initial asset purchase agreement ("<u>APA</u>") with ER Propco Co, LLC ("<u>Evergreen</u>")
and filed a motion to approve bid procedures and schedule a sale hearing. Midway through the
Final Application Period, the Debtor's secured creditors successfully objected to the Debtor's
use of cash collateral to pay an option fee to Evergreen, which resulted in Evergreen terminating
its APA with the Debtor. The Debtor thereafter began exclusively pursuing a plan of
reorganization involving a bond restructuring with its prepetition secured lenders.

Prior to Evergreen's termination of the APA, U&H provided a number of different services
related to the attempted sale of the Clare Oaks Campus, including the following: drafting a
memorandum to the Illinois Attorney General regarding the proposed sale of the Clare Oaks
Campus and compliance with Illinois regulatory law; negotiating and preparing orders relating to
the Motion to Approve Bid Procedures; drafting an offer of proof as to the testimony of Kevin
Carden, the Debtor's investment banker at B.C. Ziegler, in support of the sale of the Clare Oaks
Campus; multiple court appearances for contested hearings on the Debtor's Motion to Approve
Bid Procedures and the Sale of the Clare Oaks Campus; negotiating with Evergreen's attorney
regarding terms of the APA and legal strategy to seek approval of the sale; assisting in
negotiations with the Debtor's landlord regarding the terms of sale of the Clare Oaks Campus;
and frequent communications with the DIP Lender, the Master Trustee, the Letter of Credit
Lender, the Creditors' Committee, and the U.S. Trustee's representatives regarding the proposed
asset sale and the prepetition secured lenders' objections thereto. In connection with these
services, U&H expended approximately 177.2 hours and incurred $78,242.00 in fees.

(c) **B150 (Meeting of / Communications with Creditors)** – U&H's services under this task
code involved assisting in the preparation of communications to residents regarding the proposed

sale of the Clare Oaks Campus to Evergreen. In connection with these services, U&H expended approximately 1.0 hour and incurred $424.00 in fees.

(d) **B160 (Fee/Employment Applications)** – During the Final Application Period, U&H's services under this task code primarily involved reviewing and revising U&H's Billing Statements to ensure compliance with the Local Rules' requirements; reviewing and commenting on the fee statements of other professionals in order to advise the Debtor as to their allowance and payment; drafting U&H's second interim fee application; reviewing and revising Alvarez & Marsal's second interim fee application; coordinating and leading the Debtors' other professionals and the Creditors' Committee's counsel in preparing second interim fee applications; assisting in the preparation of an application to employ Jones Day as special bond counsel; negotiating terms of engagement for additional services relating to the Debtor's bond restructuring to be provided by B.C. Ziegler, the Debtor's investment banker, and drafting motions related thereto; negotiating terms of engagement for additional services to be provided by CliftonLarsonAllen, the Debtor's accountants, and drafting motions related thereto; court appearances for hearings on the Debtor's Application to Employ Jones Day as Special Bond Counsel, Motions to Amend Terms of Engagement of CliftonLarsonAllen and of B.C. Ziegler, and all professionals' second interim fee application. In connection with these services, U&H expended approximately 185.6 hours and incurred $94,125.50 in fees.

(e) **B170 (Fee/Employment Objections)** – Under this task code, U&H's services primarily related to negotiating a resolution of the Master Trustee's objection to one of U&H's Billing Statements. The Master Trustee's objection was resolved when the DIP budget was amended in late October 2012. In connection with these services, U&H expended approximately 10.1 hours and incurred $6,062.00 in fees.

(f) **B185 (Assumption/Rejection of Leases and Contracts)** – Prior to the termination of the APA, Evergreen provided the Debtor with a list of executory contracts and unexpired leases it proposed to assume or reject. U&H advised the Debtor regarding its rights and obligations and prepared a notice to counterparties to those executory contracts and unexpired leases. Additionally, the Debtors' extended deadlines to assume or reject the ground lease for the Clare Oaks Campus were set to expire during the Final Application Period. U&H negotiated, drafted, and presented two motions to extend the deadlines. In connection with these services, U&H expended approximately 27.0 hours and incurred $9,364.00 in fees.

(g) **B190 (Other Contested Matters)** – During the Second Application Period, U&H's primary services under this task code involved advising the Debtor regarding its rights and remedies under a construction contract against the general contractor that built the Clare Oaks Campus and assisting in the negotiation of a settlement with the general contractor regarding foundation slab defects. The parties' dispute has been successfully resolved, and the general contractor will repair all foundation slab defects without further litigation. In connection with these services, U&H expended approximately 4.7 hours and incurred $1,671.50 in fees.

(h) **B210 (Business Operations)** – The Debtor operates in a complex and highly regulated environment. During the Final Application Period, U&H provided a variety of services directed at ensuring the Debtor's compliance with Illinois regulators. For example, U&H assisted the

Debtor in finalizing its project costs report and certificate of need application relating to completion of construction of the Clare Oaks Campus and communicated with the Illinois Health and Safety Review Board regarding its review and approval of the report and application. As a result, the Illinois Health and Safety Review Board has notified the Debtor that its final realized cost report complies with Illinois' certificate of need rules, and the Debtor has been released from any further reporting requirements. Additionally during the Final Application Period, U&H advised the Debtor and negotiated the terms of a management agreement with LifeCare Services; reviewed and revised the Debtor's escrow agreements, residency agreements, and option agreements regarding the treatment of escrowed funds on deposit from residents; and assisted the Debtor in providing information to its auditors. In connection with these services, U&H expended approximately 60.8 hours and incurred $27,110.00 in fees.

(i) **B230 (Financing/Cash Collections)** – U&H's primary services recorded under this task code during the Final Application Period included the following: communicating with Alvarez & Marsal and the Debtor's Chief Restructuring Officer regarding the Debtor's ongoing compliance with the DIP Budget; reviewing and processing the Debtor's DIP Budget variance reports; negotiating amendments to the Debtor's DIP Budget with the DIP Lender and prepetition secured lenders, which enabled the Debtor to successfully restructure its bond indebtedness in connection with the Plan; drafting and presenting multiple motions to amend the Final DIP Order and Final Cash Collateral Order, including the Debtor's Emergency Motion to Use Cash Collateral to pay an option fee to Evergreen in connection with the attempted sale of the Clare Oaks Campus; and, ultimately, assisting and advising the Debtor in connection with its payoff of the DIP loan as part of its bond restructuring. In connection with these services, U&H expended approximately 176.5 hours and incurred $87,027.00 in fees.

(j) **B240 (Tax Issues)** – Under this task code, U&H communicated with the Debtor, its investment banker, B.C. Ziegler, the Master Trustee's counsel, and other constituents regarding potential tax consequences of a bond restructuring. Additionally, U&H researched and advised the Debtor regarding real estate tax exemption issues. In connection with these services, U&H expended approximately 14.7 hours and incurred $6,607.00 in fees.

(k) **B250 (Real Estate)** – Under this task code, U&H negotiated title commitment objections from Evergreen regarding the proposed sale of the Clare Oaks Campus, as well as reviewed and advised the Debtor concerning the terms of a real estate term sheet from the Debtor's landlord. After the Debtor's exit strategy shifted to a bond restructuring, U&H drafted amendments and a sublease to the Debtor's Ground Lease for the Clare Oaks Campus, negotiated on behalf of the Debtor with the Landlord of the Clare Oaks Campus to obtain acceptable terms of an Option to Purchase, and assisted the Debtor in resolving other miscellaneous real estate issues. In connection with these services, U&H expended approximately 101.8 hours and incurred $46,005.50 in fees.

(l) **B260 (Board of Directors Matters)**. – U&H historically has acted as counsel to the Debtor's board of directors and therefore has historical familiarity with the Debtor, including its complex financial structure and highly regulated business. During the Final Application Period, U&H's services under this task code included: preparing status reports and recommendations for the board of directors; attending board meetings; drafting and/or reviewing notices of board

meetings, board meeting agendas, board minutes, and corporate resolutions; updating and consulting with the board of directors and Debtor's *ad hoc* finance committee regarding the status of the bankruptcy case and the relative viability of a 363 Sale versus a bond restructuring; and drafting amendments to the Debtor's articles of incorporation and bylaws in order to accomplish the bond restructuring and the Debtor's successful reorganization. In connection with these services, U&H expended approximately 97.3 hours and incurred $43,853.00 in fees.

(m) **B310 (Claims Administration and Objections)**. – Under this task code, U&H analyzed several claims filed by creditors, including a section 503(b)(9) administrative expense request, communicated with individual creditors regarding their claims, and drafted and presented a motion to set the last day to file proofs of claim. In connection with these services, U&H expended approximately 21.5 hours and incurred $8,883.50 in fees.

(n) **B320 (Plan and Disclosure Statement)**. – As discussed above, the Debtor successfully reorganized during the Final Application Period pursuant to the Plan Sponsors' Chapter 11 Plan. Under this task code, U&H's services included the following: reviewing and revising a bond restructuring term sheet; communicating with the Debtor and its investment banker, B.C. Ziegler, regarding the bond restructuring term sheet; negotiating the terms of the Debtor's bond restructuring with the prepetition secured lenders; reviewing and revising multiple versions of the Plan Sponsors' draft chapter 11 Plan and related Disclosure Statement; negotiating with the Plan Sponsors regarding the terms of the Debtor's reorganization, as set forth in the Plan and Disclosure Statement; appearing on behalf of the Debtor at multiple hearings on solicitation and confirmation of the Chapter 11 Plan; attending meetings with the Illinois Finance Authority to negotiate the terms of new bonds to be issued; and ultimately representing the Debtor at preclosing and closing on the issuance of approximately $89 million of new bonds to replace approximately $112.7 million of bonds issued in 2007, which enabled the Debtor to successfully conclude its chapter 11 reorganization and emerge from bankruptcy, including the assumption of all residents' residency agreements. In connection with these services, U&H expended approximately 994.4 hours and incurred $533,453.00 in fees.

16.     Local Rule 5082-1(B)(1)(c) – By this Final Application, U&H seeks

compensation of $12,312.50 for approximately 34.1 hours of legal services in connection with

preparing the Second Application. In the First Fee Application [Dkt. 205], U&H sought

compensation of approximately $15,483.50 for 38.7 hours of legal services in connection with

the preparation of the First Fee Application. In the Second Fee Application [Dkt. 336], U&H

sought compensation of approximately $36,883.50 for approximately 84.4 hours of legal services

in connection with preparing the First and Second Fee Applications. U&H does not seek

compensation for the preparation of this Final Application.

17.     <u>Local Rule 5082-1(B)(1)(d) and (e)</u> – A chart listing the name and position of each person with U&H who performed work on each task and activity, the approximate hours worked, and the total compensation sought for each person's work on each such separate task and activity during the Final Application Period, as well as the hourly rate for each person for whom compensation is requested, with the total number of hours expended by each person and the total compensation sought for each, is attached as **<u>Exhibit H</u>**. A similar chart covering all activity during the Total Application Period is attached as **<u>Exhibit I</u>**.

18.     <u>Local Rule 5082-1(B)(1)(f)</u> – Pursuant to the Order on U&H's First Interim Fee Application [Dkt. 238], U&H was awarded and paid compensation and reimbursed expenses totaling $675,000.00. Pursuant to the Order on U&H's Second Interim Fee Application [Dkt. 373], U&H was awarded and paid compensation and reimbursed expenses totaling $599,334.40. Pursuant to the Interim Procedures Order, as of the date this Application was filed, U&H has received Interim Payments during the Final Application Period totaling $704,737.36.

19.     <u>Local Rule 5082-1(B)(1)(g)</u> – U&H seeks reimbursement of expenses totaling $4,881.73. A breakdown of each type of expense is included on each of the Billing Statements. To summarize them here, the expenses incurred by U&H primarily related to the following: court costs (*e.g.*, transcripts), local travel expenses (*e.g.*, taxi rides home for professionals working late), "working meals" for professionals who were working late or meeting with the Debtor's representatives and other professionals for daytime conferences, messenger charges that were incurred in delivering courtesy copies of documents to the Illinois Attorney General, document reproduction charges, computerized research costs (*e.g.*, Westlaw and PACER), telephone conference call expenses, long distance telephone expenses, and postage. For all documents, pleadings, or correspondence that were delivered by messenger or FedEx, as

opposed to first class mail, such expedited delivery was deemed necessary in the exercise of

discretion by the responsible attorney in order to meet court deadlines or otherwise insure the

efficient and orderly administration of services to the Debtor. All taxi fare and "working meals"

were deemed absolutely necessary in the exercise of the responsible attorney's discretion in

order to comply with an imminent deadline and involved attorneys working late into the evening,

on occasion past midnight. U&H charged "at cost" amounts for copying ($0.10 per page). None

of the expenses, including but not limited to computerized research, includes any additional

charges added to the actual cost to U&H.

20.     All of the expenses for which U&H seeks reimbursement were actually incurred

by U&H, were necessary for the proper representation of the Debtor in this case, and were

specifically allocated to the Debtor's case. None of the expenses represents general overhead.

21.     <u>Local Rule 5082-1(B)(2)</u> – By this Final Application, U&H seeks both the

allowance and payment of its requested fees and expenses. The Debtor has indicated to U&H

that the payment of Allowed Fees and the reimbursement of Allowed Expenses will come from

(i) U&H applying the remainder of its Advance Payment Retainer ($19,232.50), and (ii) the

Debtor's available cash on hand ($29,243.33).

## <u>DETAILED STATEMENT OF SERVICES</u>
### *(LOCAL RULE 5082-1(C))*

22.     The Bankruptcy Rules require "[a]n entity seeking interim or final compensation

for services, or reimbursement of necessary expenses, from the estate [to] file an application

setting forth a detailed statement of (1) the services rendered, time expended and expenses

incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a). The Local Rules permit

"[t]he applicant's detailed time records [to] constitute the detailed statement required by Fed. R.

Bankr. P. 2016(a)." Local R. 5082-1(C).

23.     The Billing Statements attached as Exhibits A through F comply with the requirements of Bankruptcy Rule 2016(a) and Local Rule 5082-1(C) because each Billing Statement is divided by tasks and activities that match the narrative descriptions in this Final Application, and all time entries within the Billing Statements list the date of the work, name of person performing the work, a brief description of the nature of the work, the time expended on the work in increments of tenth of an hour, and the fee charged for such work.

## SUMMARY OF THE FIRST AND SECOND APPLICATION PERIODS

24.     By this Final Application, U&H also seeks approval on a final basis of all compensation ($1,268,615.43) and reimbursement of expenses ($5,718.97) previously awarded to U&H on an interim basis during the First and Second Application Periods.

25.     U&H used the same task codes during the First, Second, and Final Application Periods. In the First Fee Application [Dkt. 205] and Second Fee Application [Dkt. 336], U&H provided narrative summaries of the principal activities and services rendered on behalf of the Debtor, which are incorporated by reference. To summarize them very briefly herein, U&H's principal activities during the First and Second Application Periods consisted of the following:

(a) Advising and assisting the Debtor in complying with administrative requirements for chapter 11 debtors in possession;

(b) Investigating potential assets of the Debtor's bankruptcy estate;

(c) Providing extensive sales and transactional services relating to the Debtor's attempted sale of the Clare Oaks Campus;

(d) Advising the Debtor regarding its rights and obligations with respect to executory contracts and unexpired leases;

(e) Drafting the Debtor's "first day" motions and various other motions designed to protect the Debtor and further its reorganization;

(f) Communicating and advising the Debtor concerning business operational matters;

(g) Negotiating with the Debtor's prepetition secured lenders and creditors regarding DIP financing, cash collateral use, budgets, and other financial matters;

(h) Researching and advising the Debtor concerning tax matters;

(i) Preparing resolutions of the Debtor's board of directors and advising directors concerning their duties in the Debtor's chapter 11 bankruptcy case; and

(j) Researching and advising the Debtor in connection with its reorganization.

## **BASIS FOR RELIEF**

26.     Pursuant to sections 330 and 331 of the Bankruptcy Code and the generally applicable criteria with respect to time, nature, extent, and value of services performed, all of U&H's services are compensable and the compensation requested is fair and reasonable. All of the legal services performed by U&H during the Final Application Period were required for the proper representation of the Debtor in this bankruptcy case.

27.     U&H has endeavored to: (a) avoid lumping multiple tasks into a single entry, as discussed in *In re Pettibone Corp.*, 74 B.R. 293, 302 (Bankr. N.D. Ill. 1987); (b) minimize time spent on interoffice conferences, as outlined in *In re Adventist Living Ctrs., Inc.*, 137 B.R. 701, 716 (Bankr. N.D. Ill. 1991), though at times such conferences were necessary and unavoidable; and (c) provide detail about each task, such as the subject matter of each telephone conference, correspondence, document review, etc.

28.     The rates charged by U&H are less than or comparable to rates charged by other practitioners having the same amount of experience, expertise, and standing for similar services in comparable chapter 11 cases in the Northern District of Illinois.

29.     U&H prepared this Final Application in accordance with the guidelines established by Bankruptcy Rule 2016, Local Rule 5082-1, and this Court. In addition to services provided directly for the benefit of the estate, U&H is also entitled to receive compensation for the preparation of its First, Second, and Final Applications. *Pettibone*, 74 B.R. at 304. Although

the Court has discretion in reviewing a fee petition, it should exercise its discretion with care and fairness in order to promote the goal of inducing competent and capable attorneys to practice in the bankruptcy court. *See Pettibone*, 74 B.R. at 306.

30.     U&H has at all times acted specifically in the best interests of the Debtor and its estate. All legal services performed by U&H and all expenses incurred were reasonable and necessary for the preservation of the Debtor's bankruptcy estate. U&H has not entered into an agreement or understanding of any kind with any entity to share its compensation received for services rendered to the Debtor in this case.

31.     This is U&H's final application for an award of compensation and reimbursement of expenses and may be presented now pursuant to Section 330 of the Bankruptcy Code.

## LIMITED NOTICE

32.     On January 22, 2013, the Court entered its *Order Granting Debtor's Motion To Limit Service of Professionals Final Fee Applications* [Dkt. 470], which requires all parties and professionals filing final fee applications to serve a full copy of the application on the entire Master Service List but excuses parties and professionals from serving detailed notices of hearing of each application to all creditors who are not on the Master Service List.

33.     Accordingly, U&H has caused copies of this Final Application to be provided by CM/ECF or first class U.S. mail to (a) the Office of the United States Trustee; (b) Neal Wolf & Associates, LLC, counsel to the Creditors' Committee; (c) Senior Care Development, LLC, the Debtor's post-petition DIP Lender; (d) Mintz Levin Cohn Ferris Glovsky and Popeo, PC, counsel to Wells Fargo Bank, National Association, in its capacity as Master Trustee under the Master Indenture; (e) Duane Morris, counsel to secured lender Sovereign Bank; (f) MB Financial Bank; and (g) those persons who have formally appeared and requested service in these

proceedings pursuant to Bankruptcy Rule 2002 (collectively, the "Master Service List"). U&H submits that notice of the Final Application is sufficient under the circumstances and that no further notice is required.

WHEREFORE, Ungaretti & Harris LLP respectfully requests that this Court enter an order: (a) granting the relief requested in the Final Application; (b) allowing U&H's Allowed Fees in the amount of $748,331.46 as reasonable compensation for the actual and necessary legal services rendered to the Debtor during the Final Application Period; (c) allowing reimbursement of U&H's Allowed Expenses in the amount of $4,881.73 as actual and necessary expenses incurred during the Final Application Period; (d) authorizing and directing payment of the unpaid Allowed Fees and Allowed Expenses in the amount of $48,475.83; (e) allowing and awarding to U&H, on a final basis pursuant to 11 U.S.C. § 330(a)(1), compensation of $2,016,946.89 and reimbursement of $10,600.70 for the Total Application Period; and (f) granting such other relief as this Court deems necessary and appropriate.

Respectfully submitted,

Dated: January 24, 2013

UNGARETTI & HARRIS LLP

by:   /s/ George R. Mesires
George R. Mesires (# 6276952)
Patrick F. Ross (# 6296461)
Ungaretti & Harris LLP
70 W. Madison Street, Suite 3500
Chicago, IL 60602
(312) 977-4400 – phone
(312) 977-4405 – fax
Email: grmesires@uhlaw.com
     pfross@uhlaw.com

*Counsel for the Reorganized Debtor*