UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 11 B 48903 |
| | ) | Chapter 11 |
| CLARE OAKS, | ) | Hon. Pamela S. Hollis |
| | ) | |
| Reorganized Debtor. | ) | |

**NOTICE OF REORGANIZED DEBTOR'S MOTION FOR
FINAL DECREE AND TO APPROVE LIMITED NOTICE**

TO:    See Attached Service List

PLEASE TAKE NOTICE that on **September 17, 2013 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Pamela S. Hollis or any Judge sitting in her stead in Courtroom 644 in the United States Bankruptcy Court, 219 S. Dearborn Street, Chicago, Illinois and shall then and there present the **Reorganized Debtor's Motion for Final Decree and to Approve Limited Notice**, a copy of which is hereby served upon you.

Dated: September 10, 2013                CLARE OAKS, Reorganized Debtor

                        by:  /s/ Patrick F. Ross
                            *One of its attorneys*

                            George R. Mesires (# 6276952)
                            Patrick F. Ross (# 6296461)
                            Ungaretti & Harris LLP
                            70 W. Madison Street, Suite 3500
                            Chicago, IL 60602
                            (312) 977-4400 – phone
                            (312) 977-4405 – fax
                            Email: grmesires@uhlaw.com
                                   pfross@uhlaw.com

4825-4521-3717.2

## CERTIFICATE OF SERVICE

      I, the undersigned attorney, hereby certify that on September 10, 2013, I electronically filed the **Reorganized Debtor's Motion for Final Decree and to Approve Limited Notice** with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the following individuals:

                                                         /s/ Patrick F. Ross

*CM/ECF Service List*

**U.S. Trustee**
Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St, Room 873
Chicago, IL 60604
312-886-5785
USTPRegion11.ES.ECF@usdoj.gov

**Jordan Bailey**
Haynes and Boone, LLP
2323 Victory Avenue
Suite 700
Dallas, TX 75219
214.651.5000
*Assigned: 10/22/2012*
*LEAD ATTORNEY*

representing

**Sysco Chicago Inc.**
*(Creditor)*

**Elizabeth A. Bates**
Springer Brown, LLC
400 South County Farm Road
Ste. 330
Wheaton, IL 60187
630-510-0000
630-510-0004 (fax)
ebates@springerbrown.com
*Assigned: 06/22/2012*

representing

**Elizabeth A Bates**
Springer, Brown, Covey, Gaertner and Dav
*(Attorney)*

**Timothy W Brink**
DLA Piper US LLP
203 N. LaSalle Street, Suite 1900
Chicago, IL 60601
312- 368-6802
312 251-2170 (fax)
timothy.brink@dlapiper.com
*Assigned: 12/06/2011*

representing

**The Sisters of St. Joseph of the Third Order of St. Francis, Inc.**
*(Creditor)*

2

**Rosanne Ciambrone**
Duane Morris LLP
190 South LaSalle Street Suite 3700
Chicago, IL 60603
312 499-6700
312 499-6701 (fax)
rciambrone@duanemorris.com
*Assigned: 09/11/2012*

representing

**Sovereign Bank**
*(Creditor)*

**Roberto A Dall'Asta**
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, IL 60606
(312) - 9847517
rdallasta@mwe.com
*Assigned: 04/18/2012*

representing

**B.C. Ziegler and Company**
*(Other Prof.)*

**Bruce Dopke**
P O Box 681246
Schaumburg, IL 60168
847 524-4811
847 524-4131 (fax)
bruce@dopkelaw.com
*Assigned: 04/20/2012*

representing

**Friendship Senior Options, NFP**
*(Interested Party)*

**David R Doyle**
Shaw Fishman Glantz & Towbin LLC
321 N. Clark St., Ste. 800
Chicago, IL 60654
312-541-0151
ddoyle@shawfishman.com
*Assigned: 12/05/2011*

representing

**Clare Oaks**
801 W Bartlett Rd
Bartlett, IL 60103
*(Debtor)*

**Robert M Fishman**
Shaw Fishman Glantz & Towbin LLC
321 N Clark Street
Suite 800
Chicago, IL 60654
312 666-2842
312 275-0567 (fax)
rfishman@shawfishman.com
*Assigned: 12/07/2011*

representing

**Wells Fargo Bank, National Association**
*(Creditor)*

3

| | | |
|---|---|---|
| **MELISSA Y GANDHI**<br>Levin & Perconti<br>325 N. LaSalle St., Ste. 450<br>Chicago, IL 60654<br>(312) - 3322872 Ext. 120<br>mgandhi@levinperconti.com<br>*Assigned: 08/12/2013* | representing | **Levin & Perconti**<br>*(Attorney)* |
| **Ronald E Gold**<br>Frost Brown Todd LLC<br>201 E Fifth St<br>Cincinnati, OH 45202<br>513-651-6156<br>rgold@fbtlaw.com<br>*Assigned: 07/10/2012* | representing | **ER Propco Co., LLC**<br>*(Interested Party)* |
| **Emily S. Gottlieb**<br>The Garden City Group, Inc.<br>190 S. LaSalle Street<br>Suite 1520<br>Chicago, IL 60603<br>312-499-6900<br>emily_gottlieb@gardencitygroup.com<br>*Assigned: 12/07/2011* | representing | **The Garden City Group, Inc.**<br>*(Other Prof.)* |
| *Assigned: 11/09/2012* | representing | **Garden City Group Inc**<br>*(Other Prof.)* |
| **Joshua D. Greene**<br>Springer Brown, LLC<br>400 South County Farm Road<br>Suite 330<br>Wheaton, IL 60187<br>630-510-0000<br>630-510-0004 (fax)<br>jgreene@springerbrown.com<br>*Assigned: 06/22/2012* | representing | **Joshua D Greene**<br>*(Attorney)* |
| **Allen J Guon**<br>Shaw Fishman Glantz & Towbin LLC<br>321 N. Clark St., Suite 800<br>Chicago, Il 60610<br>312- 541-0151<br>(312) 980-3888 (fax)<br>aguon@shawfishman.com<br>*Assigned: 12/08/2011* | representing | **Wells Fargo Bank, National Association**<br>*(Creditor)* |

4

4825-4521-3717.2

| | | |
|---|---|---|
| **Robert A Guy, JR**<br>*Assigned: 07/27/2012*<br>*LEAD ATTORNEY* | representing | **ER Propco Co., LLC**<br>*(Interested Party)* |
| **James R Irving**<br>DLA Piper LLP US<br>203 North LaSalle Street<br>Suite 1900<br>Chicago, IL 60611<br>312 368-4000<br>jim.irving@dlapiper.com<br>*Assigned: 12/06/2011* | representing | **The Sisters of St. Joseph of the Third Order of St. Francis, Inc.**<br>*(Creditor)* |
| **Robert J. Labate**<br>Holland & Knight LLP<br>131 S. Dearborn Street<br>30th Floor<br>Chicago, IL 60603<br>312 263-3600 Ext. 65751<br>312 578-6666 (fax)<br>robert.labate@hklaw.com<br>*Assigned: 01/05/2012* | representing | **Senior Care Development LLC**<br>*(Creditor)* |
| **Phillip A Martin**<br>Fultz Maddox Hovious & Dickens PLC<br>101 South Fifth St., 27th Floor<br>Louisville, KY 40202<br>(502) - 5882000<br>pmartin@fmhd.com<br>*Assigned: 12/12/2011* | representing | **Pharmerica Drug Systems, LLC**<br>*(Creditor)* |
| **George R Mesires**<br>Ungaretti & Harris LLP<br>Three First National Plaza<br>70 W. Madison Street, Suite 3500<br>Chicago, IL 60602<br>312 977-4151<br>312 977-4405 (fax)<br>grmesires@uhlaw.com<br>*Assigned: 12/05/2011* | representing | **Clare Oaks**<br>801 W Bartlett Rd<br>Bartlett, IL 60103<br>*(Debtor)* |
| *Assigned: 08/30/2012* | representing | **Alvarez and Marsal Healthcare Industry Group LLC**<br>*(Other Prof.)* |
| | | **Paul Rundell**<br>*(Other Prof.)* |

5

4825-4521-3717.2

**George R Mesires**
Ungaretti & Harris LLP
70 W. Madison Street
Suite 3500
Chicago, IL 60602
312-977-4400
312-977-4405 (fax)
*Assigned: 09/28/2012*
*LEAD ATTORNEY*

representing

**Kevin Carter**
*(Interested Party)*

**Kathleen Noga**
McMahan & Sigunick, Ltd.
412 S. Wells St., 6th Fl.
Chicago, IL 60607
(312) - 9131174
kathleen@mcmahanlaw.com
*Assigned: 10/17/2012*

representing

**Sysco Chicago Inc.**
*(Creditor)*

**Jonathan N Rogers**
Stitt, Klein, Daday, Aretos, et al
2550 W. Golf Rd.
Suite 250
Rolling Meadows, IL 60008
847 590-8700 Ext. 110
847 590-9825 (fax)
jrogers@skdaglaw.com
*Assigned: 01/11/2013*

representing

**James F Jackson**
4020 Meadow Drive
St. Charles, IL 60175
*(Creditor)*

**Laurie A. Silvestri**
70 W. Madison
Suite 1515
Chicago, IL 60602
312 558-4250
312 454-7447 (fax)
las.lawoffices@gmail.com
*Assigned: 01/19/2013*

representing

**Nonneman Survivors Trust**
*(Creditor)*

**Jeffrey Snell**
Office of the United States Trustee
219 S. Dearborn St., Room 873
Chicago, IL 60604
(312) - 886-0890
jeffrey.snell@usdoj.gov
*Assigned: 01/20/2012*

representing

**Patrick S Layng**
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604
312-886-5785
USTPRegion11.ES.ECF@usdoj.gov
*(U.S. Trustee)*

6

| | | |
|---|---|---|
| **Thomas E Springer**<br>Springer Brown, LLC<br>400 S. County Farm Road<br>Suite 330<br>Wheaton, IL 60187<br>630-510-0000<br>630-510-0004 (fax)<br>tspringer@springerbrown.com<br>*Assigned: 06/22/2012* | representing | **Thomas E. Springer**<br>d<br>400 S. County Farm Road<br>Suite 330<br>Wheaton, IL 60187<br>*(Attorney)* |
| **Marc N Swanson**<br>Miller Canfield Paddocki & Stone, PLC<br>150 West Jefferson Avenue<br>Suite 2500<br>Detroit, MI 48226<br>*Assigned: 12/20/2012* | representing | **Illinois Finance Authority**<br>*(Interested Party)* |
| *Assigned: 01/08/2013*<br>*LEAD ATTORNEY* | representing | **Illinois Finance Authority**<br>*(Interested Party)* |
| **Jerry L Switzer**<br>Polsinelli, PC<br>161 N. Clark Ste 4200<br>Chicago, IL 60601<br>312 873-3626<br>312 873-2926 (fax)<br>jswitzer@polsinelli.com<br>*Assigned: 07/19/2012* | representing | **ER Propco Co., LLC**<br>*(Interested Party)* |
| **Michael Traison**<br>Miller, Canfield, Paddock & Stone PLC<br>225 W. Washington<br>Suite 2600<br>Chicago, IL 60606<br>312-927-9669<br>312-460-4201 (fax)<br>traison@millercanfield.com<br>*Assigned: 01/03/2012* | representing | **Illinois Finance Authority**<br>*(Interested Party)* |

7

4825-4521-3717.2

| | | |
|---|---|---|
| **Adrienne K Walker**<br>Mintz, Levine, Cohn, Ferris Glovsky and Popeo, P.C.<br>One Financial Center<br>Boston, MA 02111<br>(617) - 3481612<br>awalker@mintz.com<br>*Assigned: 07/22/2012* | representing | **Wells Fargo Bank, National Association**<br>*(Creditor)* |
| **John R Weiss**<br>Duane Morris LLP<br>190 South LaSalle Street<br>Suite 3700<br>Chicago, IL 60603<br>312 499-0148<br>312 499-6701 (fax)<br>jrweiss@duanemorris.com<br>*Assigned: 12/05/2011* | representing | **Sovereign Bank**<br>*(Creditor)* |
| *Assigned: 11/06/2012* | representing | **Wells Fargo Bank, National Association**<br>*(Creditor)* |
| **Neal L Wolf**<br>Neal Wolf & Associates, LLC<br>155 N. Wacker Drive<br>Suite 1910<br>Chicago, IL 60606<br>312-228-4990<br>312-228-4988 (fax)<br>nwolf@nealwolflaw.com<br>*Assigned: 12/21/2011* | representing | **The Official Committee of Unsecured Creditorsof Clare Oaks**<br>*(Creditor Committee)* |

4825-4521-3717.2

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 11 B 48903 |
| | ) | Chapter 11 |
| CLARE OAKS, | ) | Hon. Pamela S. Hollis |
| | ) | |
| Reorganized Debtor. | ) | Hearing Date: September 17, 2013 |
| | ) | Hearing Time: 10:00 a.m. |

**REORGANIZED DEBTOR'S MOTION FOR FINAL
DECREE AND TO APPROVE LIMITED NOTICE**

The above-captioned reorganized debtor (the "Debtor"), by its undersigned counsel, pursuant to section 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of the U.S. Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), hereby moves this Court for entry of a final decree and order closing this chapter 11 case and approving the form and manner of limited notice (the "Motion"). In support of its Motion, the Debtor states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

3. The Debtor is the owner and operator of a continuing care retirement community located in Bartlett, Illinois commonly known as "Clare Oaks" (the "Clare Oaks Campus").

4. On December 5, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4825-4521-3717.2

**Confirmation of the Chapter 11 Plan**

5.  On September 13, 2012, the Plan Sponsors filed the Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [Dkt. 358] (the "Plan"), which subsequently was modified and supplemented.

6.  On November 15, 2012, the Court entered an Order [Dkt. 437] (the "Confirmation Order") confirming the Plan. The Confirmation Order has become final. As provided in the Confirmation Order, the Plan became effective on December 31, 2012 (the "Effective Date").

7.  On December 7, 2012, the Debtor filed its Motion to Set Last Day to File Proofs of Claim [Dkt. 443].

8.  On December 13, 2013, the Court entered its Order Setting Last Day to File Proofs of Claim [Dkt. 445], which set January 22, 2013 as the last day for all creditors to file proofs of claim against the Debtor's estate, among other things.

**The Chapter 11 Plan Has Been Fully Administered**

9.  The Debtor has substantially consummated the Plan. On the Effective Date, the Debtor repaid the Allowed Class 1 Secured DIP Loan Claim in full; the Debtor's Series 2006 Bonds were deemed automatically exchanged for Series 2012B and Series 2012C Bonds; and the Illinois Finance Authority issued the Series 2012A Bonds under the Series 2012 Supplemental Bond Documents. These bond issuances resulted in the successful restructuring of the Debtor's Allowed Class 2 Senior Secured Bond Claims. The holders of Allowed Class 3 Other Secured Claims remained unimpaired under the Plan.

10. Pursuant to Article IV(O) of the Plan, all property of the bankruptcy estate and any property acquired by the Debtor pursuant to the Plan vested in the Reorganized Debtor on the Effective Date free and clear of all liens, claims, charges, and other encumbrances. The

2

Reorganized Debtor has resumed all business operations and management functions at the Clare Oaks Campus.

11. On the Effective Date, the Debtor assumed all Residency Agreements, including the obligation to repay entrance fee refund claims, and all obligations and rights under the Option Agreements pursuant to Article VII(A)(2) of the Plan. As a result, the Debtor cured all residents' claims under the Residency Agreements, and the residents are unimpaired under the Plan.

12. After the Effective Date, the Debtor reviewed and filed objections to the allowance of certain Class 4 General Unsecured Claims. The Court entered orders granting the relief requested in the Debtor's objections to claims, and the Debtor used a $50,000 carve-out established under the Plan to make a pro rata distribution to all holders of Allowed Class 4 General Unsecured Claims.

13. Pursuant to Local Rule 3022-1, the Debtor states that all payments due to each class of allowed claims under the confirmed Plan have been made, as set forth in the spreadsheet attached to this Motion as **Exhibit 1**.

14. The Debtor has continued to pay all quarterly fees due and owing to the United States Trustee's office since the Petition Date. *See* U.S. Trustee Quarterly Fee Statements for the Periods Ending December 31, 2011 [Dkt. 137], March 31, 2012 [Dkt. 222], June 30, 2012 [Dkt. 301], September 30, 2012 [Dkt. 411], December 31, 2012 [Dkt. 485], March 31, 2013 [Dkt. 515], and June 30, 2013 [Dkt. 520].

## Relief Requested

15. The Debtor requests entry of a final decree and order closing the Debtor's captioned chapter 11 bankruptcy case, as well as approving the form and manner of limited notice provided of the Motion.

3

4825-4521-3717.2

**Basis for Relief**

16. Section 350(a) of the Bankruptcy Code provides, in pertinent part, that, "after an estate is fully administered . . . the court shall close the case." 11 U.S.C. § 350(a).

17. Bankruptcy Rule 3022, states that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on a motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

18. Local Rule 3022-1 provides that, "debtors … moving after chapter 11 plan confirmation either to close the case or enter a final decree shall (1) give notice of such motion to the United States Trustee, any chapter 11 trustee, and all creditors, and (2) state within the notice or motion the actual status of payments due to each class under the confirmed plan."

19. A bankruptcy court's "entry of a final decree is merely a perfunctory, administrative event and nothing more than a ministerial housekeeping act." *In re Greater Jacksonville Transp. Co.*, 169 B.R. 221, 224 (Bankr. M.D. Fla. 1994). "The final decree does not adjudicate any rights between the parties and is more of an administrative step to allow the clerk's office to dispose of the fully administered case file." *In re Indian Creek Ltd. P'ship.*, 205 B.R. 609, 611 (Bankr. D. Ariz. 1997) (*citing In re Beechknoll Nursing Homes, Inc.*, 202 B.R. 260, 261 (Bankr. S.D. Ohio 1996), *rev'd*, 216 B.R. 925 (S.D. Ohio 1997) (chapter 11 quarterly fees must be paid through entry of the final decree closing the case)).

20. The phrase "fully administered" is not defined in the Bankruptcy Code or the Bankruptcy Rules. However, the following factors are identified in an Advisory Committee Note to Bankruptcy Rule 3022 in determining whether an estate has been fully administered:

    (a)    whether the order confirming the plan has become final;

    (b)    whether deposits required by the plan have been distributed;

4

      (c)    whether the property proposed by the plan to be transferred has been transferred;

      (d)    whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

      (e)    whether payments under the plan have commenced; and

      (f)    whether all motions, contested matters and adversary proceedings have been finally resolved.

21.    Many bankruptcy courts have referred to the Advisory Committee's factors when deciding whether to enter a final decree. *See, e.g.*, *In re SLI, Inc.*, No. 02-12608 [Dkt. 1113], 2005 Bankr. LEXIS 1322, at *4-5 (Bankr. D. Del. June 24, 2005) (applying the Advisory Committee factors); *In re Grasso*, 268 B.R. 463, 468 (Bankr. E.D. Va. 2001) (adopting the Advisory Committee factors); *In re JMP-Newcor Int'l, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (same); *In re Gates Cmty. Chapel*, 212 B.R. 220, 223-24 (Bankr. W.D.N.Y. 1997) (same); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538-39 (Bankr. E.D. Ky. 1997) (same); *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990) (same).

22.    "'Bankruptcy courts have flexibility in determining whether an estate is fully administered by considering the factors set forth in Rule 3022, along with any other relevant factors.' When to enter a final decree is within the discretion of the Bankruptcy Court." *In re Omega Optical, Inc.*, 476 B.R. 157, 167 (Bankr. E.D. Pa. 2012) (*quoting Nesselrode v. Provident Fin., Inc. (In re Provident Fin., Inc.)*, No. MT-10-1134-JuPaD, 2010 Bankr. LEXIS 5047, at *9 (9th Cir. BAP Oct. 12, 2010)). "[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree. Instead, the Committee Note and the factors therein merely serve as a guide in assisting the Court in its decision to close a case." *Mold Makers*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990). "The court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future. A final decree closing

the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to §350(b) of the Code." Fed. R. Bankr. P. 3022, Notes of Advisory Committee on Rules – 1991 Amendment.

23. As the Advisory Committee factors are applied to the instant case, the Debtor's bankruptcy case has been "fully administered":

    (a)    the Confirmation Order is final and nonappealable;

    (b)    the Court has ruled upon all professionals final fee applications, and the Debtor has paid all allowed professional fees;

    (c)    the Debtor has paid all quarterly fees due and owing to the U.S. Trustee since the Petition Date;

    (d)    the Debtor has transferred property, cured all defaults, and made final distributions to all holders of allowed claims;

    (e)    the Debtor has assumed the day-to-day business operations and management decisions relating to the Clare Oaks Campus; and

    (f)    there are no unresolved motions, contested matters or adversary proceedings in this bankruptcy case.

24. However, even if the Court finds the Debtor must complete additional tasks associated with the Plan, this bankruptcy case is still ripe for closure. A bankruptcy case may be closed even though certain ministerial matters remain outstanding. For instance, a bankruptcy case may be closed even though there are outstanding claims against the debtor to be resolved. *See Spierer v. Federated Dep't Stores, Inc. (In re Federated Dep't Stores, Inc.)*, 43 Fed. Appx. 820, 822 (6th Cir. 2002) ("The only unresolved claims in these cases involve alleged personal injuries which claims will be resolved either through the court- approved alternative dispute resolution procedure or through litigation in state or federal court where the respective underlying action is pending. Accordingly, the bankruptcy court properly entered the final

4825-4521-3717.2

decrees in these Chapter 11 cases as there was no need for the cases to continue to be open.");

*Ericson v. IDC Servs., Inc. (In re IDC Servs, Inc.)*, No. 97 CIV. 3081, 1998 U.S. Dist. LEXIS 13449, at *10-11 (S.D.N.Y. Aug. 28, 1998) (plan was substantially consummated and case was properly closed where plan of reorganization had been confirmed, all disputed claims had been resolved by the court except one which was not entitled to distribution, and substantially all payments required under the plan had been made).

25. Although there remains a remote possibility that this Court may be asked to determine issues in connection with the Plan in the future, the Debtor's case has been fully administered and should be closed. "It is time for the Debtor to get on with its business and leave the shadows of the Court." *Mold Makers*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990). "The court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future." Fed. R. Bankr. P. 3022, Notes of Advisory Committee on Rules – 1991 Amendment.

26. The Debtor is required to pay quarterly fees to the United States Trustee's office after confirmation and consummation of a chapter 11 plan until its bankruptcy case is closed. *See* 28 U.S.C. § 1930(a)(6). Unless and until the Court enters a final decree in closing this chapter 11 case, the Debtor must continue paying quarterly fees to the U.S. Trustee, which is an unnecessary financial burden.

27. For all of the foregoing reasons, the Debtor requests, pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Rule 3022-1, that this Court enter a final decree closing the Debtor's chapter 11 case.

28. The Debtor also requests that, notwithstanding the closure of its case, the Court retain jurisdiction with respect to such matters essential to the Plan, including: (a) enforcement of

7

any order issued in the Debtor's case or any agreements approved by orders of this Court in this case, to the extent such agreements call for retention of this Court's jurisdiction for any purpose; (b) enforcement of any provision of the Plan (including all related documents contemplated by the Plan); (c) resolution of any claim objections or other disputes relating to the Debtor; (d) prevention of interference with the Plan's execution or requests for aid in the Plan's operation; and (e) consideration of any proper request to reopen the Debtor's case.

## Request to Approve Limited Notice

29. The Debtor has caused a copy of this Motion to be served by electronic CM/ECF delivery upon (i) the Office of the United States Trustee; (ii) Senior Care Development, LLC, the Debtor's former postpetition DIP Lender; (iii) Mintz Levin Cohn Ferris Glovsky and Popeo, PC, counsel to Wells Fargo Bank, National Association, in its capacity as Master Trustee under the Master Indenture; (iv) Duane Morris, counsel to secured lender Sovereign Bank; and (v) those other persons who have formally appeared and requested service in these proceedings pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

30. Additionally, Local Rule 3022-1 states that notice of a motion to close a chapter 11 case and enter a final decree must be given to the U.S. Trustee and all creditors. The Debtor requests that the Court excuse the Debtor from the requirement of serving a copy of this Motion on all creditors in light of the expense of individually serving all creditors and the lack of an offsetting benefit given that the U.S. Trustee and all of the Notice Parties will receive copies by CM/ECF.

WHEREFORE, for all of the foregoing reasons, the Debtor respectfully requests entry of an order: (a) granting the relief requested in this Motion; (b) approving the form and manner of limited notice and waiving and dispensing with any further or other notice requirements; (c)

entering a final decree and order closing the Debtor's captioned chapter 11 case; and (d) granting such other and further relief as the Court deems just and proper.

                                          Respectfully submitted,

Dated: September 10, 2013                CLARE OAKS, Reorganized Debtor

                              by:  /s/ Patrick F. Ross
                                    *One of its attorneys*

                                    George R. Mesires (# 6276952)
                                    Patrick F. Ross (# 6296461)
                                    Ungaretti & Harris LLP
                                    70 W. Madison Street, Suite 3500
                                    Chicago, IL 60602
                                    (312) 977-4400 – phone
                                    (312) 977-4405 – fax
                                    Email: grmesires@uhlaw.com
                                                pfross@uhlaw.com

4825-4521-3717.2